## BRANDENBURG v. UNITED STATES.
### No. 5681.

Circuit Court of Appeals, Third Circuit.

July 9, 1935.

Frederic M. P. Pearse, of Newark, N. J., George Wharton Pepper, of Philadelphia, Pa. (Max Mehler, of Newark, N. J., on the brief), for appellant.

Harlan Besson, U. S. Atty., and William F. Smith, Sp. Asst. U. S. Atty., both of Trenton, N. J., for the United States.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below Leo W. Brandenburg was indicted, found guilty, and sentenced on an indictment charging him with viola-

tion of section 194 of the Criminal Code (18 USCA § 317), which, after providing for larcenies from the mails, provides, "whoever shall * * * receive, or * * * have in his possession * * * any article * * * which has been so stolen * * * knowing the same to have been so stolen * * * shall be fined not more than $2,000, or imprisoned not more than five years, or both." It will thus be seen that the criminal element as above stated, so far as the mails of the United States are concerned, is the possession of articles knowing they were stolen from the mails.

From the proofs in this case, it appears that on November 14, 1933, the United States Treasury shipped by mail to Charlotte, N. C., $100,000 in $5 bills, and while driving it from the station to the post office, the truck was held up and the package stolen. On November 25th following $9,850 of these stolen notes were detected by the paying teller of the Rutherford National Bank a bank in northern New Jersey. The bills were in the possession of McGrath, then head bookkeeper of the bank, who subsequently pleaded guilty to the charge of having these bills in his possession, knowing they were taken from the mails. The defendant was also indicted and charged with having previously had possession of the stolen bills, and the testimony of McGrath at the trial was that the defendant had given him a package containing the bills and requested him to have an account opened in a fictitious name in the bank. McGrath stated that he had received from the defendant the package containing the bills. The defendant said the package he gave McGrath contained no bills, but contained some borrowed books. The testimony of Edwards was that he was present and saw McGrath taking away a package, but was unable to state what it contained. These two men were the sole witnesses against the defendant. If McGrath's testimony was believed, it showed that the defendant had the bills in his possession and knew they were stolen, but neither the testimony of McGrath or Edwards, nor any other proof, fact, or circumstance, showed, or tended to show, that the defendant had any knowledge that the bills had been stolen from the mails. So far as that testimony was concerned, it tended to show a guilty possession of stolen property on the part of the defendant, but did not show, or tend to show, that he knew the bills were stolen from the mails. The distance between North Carolina and northern New Jersey, the time that had elapsed, the entire absence of the proof of any fact or circumstance connecting the defendant with the robbery, all combine to make the case one in which a conviction, so far as this prosecution is concerned, required knowledge on the part of the defendant that the bills were stolen from the mails. In the absence of proof of such knowledge by the defendant, his conviction was based only on speculation, and not on proofs. We will not quote the conflicting testimony in detail, but confine ourselves to the parts pertinent to the decision of the question involved in this case. Being of opinion the facts, on the trial, failed to warrant the verdict, the judgment thereon is reversed, and the record remanded to the court below.