SHARP v. UNITED STATES.

No. 11379.

United States Court of Appeals
Sixth Circuit.

April 17, 1952.

J. H. Doughty, Knoxville, Tenn., Hodges & Doughty, Knoxville, Tenn., on brief, for appellant.

Ferdinand Powell, Jr., Knoxville, Tenn., Otto T. Ault, Ferdinand Powell, Jr., Knoxville, Tenn., on brief, for appellee.

Before SIMONS, Chief Judge, and ALLEN, and MARTIN, Circuit Judges.

MARTIN, Circuit Judge.

Appellant, upon conviction by a jury verdict of transporting cattle in interstate commerce knowing them to have been stolen, in violation of Title 18, section 2316, United States Code, was sentenced to five years' imprisonment. He insists that his motion for a judgment of acquittal, made both at the conclusion of the evidence adduced by the Government and at the conclusion of all the evidence in the case, should have been granted.

We are of opinion that there was substantial evidence to support the jury verdict of guilty. It is well settled that the verdict of the jury convicting a defendant in a criminal case must be upheld if, considering the evidence in the light most favorable to the Government, it is found that there is substantial evidence to support it.

Fitzgerald v. United States, 6 Cir., 29 F. 2d 881; Beauchamp v. United States, 6 Cir., 154 F.2d 413, 416; Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

It is contended further that the District Court erred in refusing to grant the motion of appellant for a new trial on the ground of newly discovered evidence. We find no abuse of discretion upon the part of the District Judge in denying the motion. A motion for a new trial, based upon alleged newly discovered evidence, is directed to the discretion of the trial judge and is reviewable only for manifest abuse. See Helwig v. United States, 6 Cir., 162 F.2d 837, 840, and cases there cited. It was pointed out that Rule 33 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., "works no change in the practice except to enlarge the time for the consideration of a motion for new trial based upon newly discovered evidence."

We do not regard as serious the argument of appellant that Stagnolia, a co-defendant, was an incompetent witness because he had been convicted of a felony in a Tennessee criminal court. By Title 18, section 3481, U.S.C., any person charged with a commission of an offense against the United States shall, at his own request, be a competent witness; and Rule 26 of the Federal Rules of Criminal Procedure provides that the admissibility of evidence and the competency of witnesses shall be governed by principles of common law as interpreted by the courts of the United States, in the light of reason and experience. Under both the statute and the Criminal Procedure Rule cited, we think that a defendant in a United States Court is a competent witness for all purposes. We find no hard and fast rule of exclusion in any case cited. The general practice in the United States Courts has been for many years to permit convicts to testify in criminal cases when brought into court by writ of *habeas corpus ad testificandum*. There would seem to be no ground, in the light of reason and experience, for refusing the testimony of Stagnolia in the circumstances of the case. The trial judge charged correctly that the jury should weigh his testimony carefully and should exercise caution in placing too firm

a reliance on the testimony given by him, unless corroborated by other witnesses, or by other circumstances and facts.

 In our judgment there is no merit in the charge of appellant that the District Court erred in instructing the jury by "singling out and particularizing facts, giving them undue prominence and in stating to the jury that certain events occurred," or in charging the jury concerning the alibi defense of appellant. The District Judge perhaps charged at too great length and with too much particularity, but we find no reversible error in that aspect of the charge. Nor do we consider that error was committed in refusal by the court to grant the motion of appellant for a mistrial, for the reason that the United States Attorney had typified the alibi defense as "lousy." While this was an undignified, inelegant statement to be made by a United States Attorney, the remark is regarded as of insufficiently serious consequence to require the entry of a mistrial order.

The most emphatic argument of appellant is that the District Court committed reversible error in refusing to grant his motion for a severance, or separate trial. After the jury had been qualified and impaneled and the witnesses sworn and placed under the rule, the attorney for appellant made his motion for a severance upon the ground that the co-defendant, Stagnolia, had made certain statements intended to implicate appellant which, when introduced in evidence, would create an ineradicable prejudice in the minds of the jurors in their consideration of the guilt or innocence of appellant. It was brought forward that Stagnolia had stated to appellant's attorney that someone connected with the office of United States Marshal had advised him that it would be better for him to testify. Both the District Judge and the District Attorney made it clear to Stagnolia that they were not parties to any such representations, ʰor would they be bound by them. Rule 14 is the pertinent Rule of Criminal Procedure wherein the trial court is given discretion to grant a severance of defendants if a joinder of offenses or of defendants in an indictment is deemed prejudicial, either to the defendant or to the Government. Refusal of a severance motion would be reversible error only if the trial judge abused his discretion; and the instant case does not present a showing of any such abuse.

As was well said by Judge Augustus N. Hand in United States v. Cohen, 2 Cir., 124 F.2d 164, 166, certiorari denied, 315 U.S. 811, 62 S.Ct. 796, 86 L.Ed. 1210: "It is common in cases of joint indictments that there is hostility of some of the defendants to the others and that they will try to save themselves by placing the blame on their associates in the crime. The jury can, and does, weigh the inducement of some defendants to implicate others in determining guilt. We find no error in the disposition of the motion to compel a severance and hold that the order denying it should be affirmed." It was correctly stated that the granting of a motion by one of the defendants, jointly indicted, for severance and separate trial is ordinarily within the discretion of the District Court.

The judgment of the District Court is affirmed.