**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Irving HINES, Defendant-Appellant.**

**No. 285, Docket 24677.**

United States Court of Appeals
Second Circuit.

Argued April 16, 1958.

Decided June 18, 1958.

Benson H. Begun, New York City, for defendant-appellant.

Morton J. Schlossberg, Asst. U. S. Atty., E. D. N. Y., Brooklyn, N. Y. (Cornelius W. Wickersham, Jr., U. S. Atty., Brooklyn, N. Y., on the brief), for plaintiff-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

■ The defendant was convicted by a jury on three counts of a four-count indictment which charged him with possessing, forging, and uttering a stolen United States Treasury check in violation of 18 U.S.C. §§ 1708 and 495. The jury acquitted him on the first count, which charged unlawful possession of another such check. He was sentenced to three years on each count, the sentences to run concurrently. Both here and below the defendant was represented by assigned counsel. He charges error only with respect to the conviction on the second count, possessing a stolen check, urging alternatively that the indictment failed to charge him with a violation of 18 U.S.C. § 1708, that there was insufficient evidence to sustain the verdict on this count, and finally that the trial court erred in charging the jury with respect to this offense. When the defendant's counsel filed his brief in this court, the government moved to dismiss the appeal on the ground that the failure to attack the convictions on either count three or four left us with no alternative but to affirm the judgment of the court below. This is said to follow from the imposition of identical concurrent sentences on all three counts. We continued the motion for consideration on the appeal and hence rule on it now.

In numerous cases the Supreme Court has refused to consider on the merits claims of error relating to one or more counts of a conviction where the trial court imposed concurrent sentences and conviction under at least one count was proper. See, e. g., Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed. 2d 321; Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774; Brooks v. United States, 267 U.S. 432, 45 S.Ct. 345, 69 L.Ed. 699, 37 A.L.R. 1407. Here the defendant makes no claim that his convictions on counts three and four, forging and uttering the check, were erroneous; and the record shows substantial evidence to support these convictions. The doctrine urged by the government originated in Claassen v. United States, 142 U.S. 140, 146, 147, 12 S.Ct. 169, 170, 35 L.Ed. 966. There a jury convicted a defendant on five of eleven counts, and the court sentenced him to six years on a general judgment which made no reference to any of the specific counts. On appeal the Supreme Court only considered the sufficiency of the first count and stated that " * * * it is settled law in this court, and in this country generally, that in any criminal case a general verdict and judgment on an indictment or information containing several counts cannot be reversed on error if any one of the counts is good, and warrants the judgment, because, in the absence of anything in the record to show the contrary, the presumption of law is that the court awarded sentence on the good count only."

Technically the situation in the Claassen case differs of course from the one at hand. Here the defendant has been convicted and sentenced for three separate crimes; and it is unwarranted to entertain the Claassen presumption that the sentence was on the good count only, even if it is still justified in the light of contemporary circumstances. But well after the decision in Claassen, the Court, without explanation, applied the same rule to a case where the sentences were concurrent, Pierce v. United States, 252 U.S. 239, 40 S.Ct. 205, 64 L.Ed. 542, although it had refused to do so in Putnam v. United States, 162 U.S. 687, 16 S.Ct. 923, 40 L.Ed. 1118. And the Pierce case

has been followed in a number of cases, still without any explanation why the Claassen presumption should have any effect where the defendant is convicted of different offenses and separately sentenced to terms of imprisonment on each conviction.

Putting aside, however, what appears to be error in holding the Claassen rule controlling in cases of this sort, the Supreme Court has made it clear that the rule is not a hard and fast one, but rather a matter of discretion. For at least on one occasion it reversed convictions on some counts of a multicount indictment where concurrent sentences had been imposed. Putnam v. United States, supra, 162 U.S. 687, 16 S.Ct. 923. See also Robinson v. United States, 6 Cir., 30 F.2d 25, and United States v. DiCanio, 2 Cir., 245 F.2d 713, certiorari denied DiCanio v. United States, 355 U.S. 874, 78 S.Ct. 126, 2 L.Ed.2d 79. And even in a Claassen type of case, where a defendant was convicted on two counts and sentenced on a general judgment, the Court, after exhaustively reviewing the English authorities, concluded that it had the power to reverse the conviction on one count, even though conviction on the other was proper. There it proceeded to reverse the general judgment and issued instructions to the lower court to enter judgment on the good count and to proceed on the defective count in conformity with law. Ballew v. United States, 160 U.S. 187, 16 S.Ct. 263, 40 L.Ed. 388.

It is difficult to isolate the circumstances which led the Supreme Court to examine all the counts in some instances and only one count in others. Possibly in the Putnam and Ballew cases the Court suspected that the total sentences would be less if the convictions were shorn of the defective counts. Obviously the Claassen rule, especially as it applies to cases involving concurrent sentences, presumes that a district judge does and should give the same punishment on one-count convictions as he does on multicount convictions, and that a defendant's punishment is no greater so long as he must stay in prison for the same period

of time. The validity of this presumption is questionable. See, e. g., Yates v. United States, 356 U.S. 363, 78 S.Ct. 766, 2 L.Ed.2d 837. Moreover, it does not take into account the stigma which attaches to an accused from the conviction of two or more crimes, rather than one, or the practical effect on a prisoner, now that the parole system is so widely applied. In view of these facts we feel constrained to entertain an appeal such as this whenever the nature of the error committed below or other circumstances suggest that the accused might have received a longer sentence than otherwise would have been imposed, or that he has been prejudiced by the results of the proceedings. Thus we reach the merits of the defendant's claims here.

Count two of the indictment charged the defendant with having in his possession a letter which had been stolen from an authorized mail depository and which contained a check payable to one Jack Kaufman. It further charged that the defendant knew that the letter and check had been stolen. The defendant claims that these facts do not constitute a violation of 18 U.S.C. § 1708, which, he contends, requires that the accused know that the mail matter was stolen from an authorized mail depository, and not just stolen. Prior to 1939, the statute supported the defendant's argument. Brandenburg v. United States, 3 Cir., 78 F.2d 811. But in that year the statute was amended to require only that the defendant know that the mail matter in his possession was stolen. 53 Stat. 1256. And Congress passed this amendment to alleviate the almost impossible burden cast on the government under the prior Act to show that an accused knew how the mail in his possession was stolen. H.R.Rep. No. 734, 76th Cong., 1st Sess.; Sen.Rep. No. 864, 76th Cong., 1st Sess.

To procure a conviction here, therefore, the prosecution had to show that the check actually had been stolen from the mails and that the defendant unlawfully possessed it, knowing that it was stolen. The government showed the following facts which we believe adequately sup-

port the verdict: The check was deposited in the mails in an envelope properly addressed to the payee; he never received it or authorized anyone else to receive or cash it; and the defendant had possession and attempted to cash it, using false identification and a forged endorsement. Guilty knowledge and unlawful possession by the defendant are suggested by the forgery and false identification in the attempt to cash the check. Further, the evidence adequately supports the conclusion that the check was actually stolen from the mails, for a letter properly mailed and never received by the addressee, but found in quite improper and misusing hands, can be found to have been stolen from the mails in the absence of any other explanation being proffered. The jury need not grasp for improbable explanations; for instance, that the postman casually lost the letter which this defendant or a confederate casually found, and which they made no attempt to return as should have been done. We have reiterated many times that the jury may make common-sense inferences from the proven facts in both civil and criminal cases. See, e. g., United States v. Masiello, 2 Cir., 235 F.2d 279, certiorari denied Stickel v. United States, 352 U.S. 882, 77 S.Ct. 100, 1 L.Ed.2d 79; United States v. Castro, 2 Cir., 228 F.2d 807, certiorari denied Castro v. United States, 351 U.S. 940, 76 S.Ct. 838, 100 L.Ed. 1477; United States v. Valenti, 2 Cir., 134 F.2d 362, certiorari denied Valenti v. United States, 319 U.S. 761, 63 S.Ct. 1317, 87 L.Ed. 1712. Here, in the absence of a contrary explanation, it could be rationally inferred from the proof that the letter containing the check was stolen from the mails. While the defendant testified, it was to deny everything in effect; and since the jury found this denial obviously false, the inference became yet more natural. Thus the indictment was proper, and the evidence adequate; and the question comes down to the trial court's charge to the jury with respect to count two.

Concerning the check, the court instructed the jury as follows: "You don't have to bother about who stole it, or how it was stolen. That check was stolen, there is no question about it." We have just stated that from the evidence it would be permissible for the jury to conclude that the check in question was stolen from the mails. In other words, this is a permissible inference which the jury, in their historic role as fact finders, might make from the testimony they heard. But the statement of this principle points also to the converse that the inference need not be made if the jury concludes otherwise. The charge as quoted appears therefore to have taken from the jury the exercise of a discretion solely within their province and to have assumed uncontestable proof of a vital element of the offense charged in the second count. As we have often stressed, the charge must be viewed as a whole and parts should not be extracted for undue stress. Here it is probable that the judge planned only a comment on the evidence which the jury might find helpful, but not binding. But we are unable to discover in the remainder of the charge limiting language which would bring home to the jury their complete power to make or decline to make the inference in question. So we are constrained to hold that this was a basic error going to the heart of the case on the second count. Even though no objection was made to the charge, we believe the error vitiates the conviction on that count. There must be a reversal and remand for further proceedings in accordance with law as to this count. And under the circumstances we think the sentences on the other counts should be vacated with remand for resentencing.

We are deeply indebted to assigned counsel for loyal and effective aid in the solution of these important problems.

Motion to dismiss appeal denied. Judgment reversed on Count 2; sentences vacated on Counts 3 and 4; action remanded for further proceedings in accordance with this opinion.