**Lee Otis ANDERSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 13800.**

United States Court of Appeals Sixth Circuit.

Sept. 11, 1959.

2. This extent, if any, that Rule 12(b)(2) is modified by the Costello opinion is not before us.

Rodes K. Myers, Bowling Green, Ky., for appellant.

J. Leonard Walker and James C. Jernigan, U. S. Attys., Louisville, Ky., for appellee.

Before MARTIN, Chief Judge, McALLISTER, Circuit Judge, and CECIL, District Judge.*

CECIL, District Judge.

This is an appeal from a judgment of conviction in the United States District Court for the Western District of Kentucky, at Bowling Green. The appellant, Lee Otis Anderson, was indicted jointly with two brothers, William Garnet Martin and Buell Miller Martin, on a check transaction.

The indictment contained three counts. The two Martins were charged in the first count with stealing a letter containing a United States Treasury check from an authorized depository for mail matter. The second count charged all three of the defendants with forging the signature of William D. Jones, the payee of the check. In the third count the defendants were all charged jointly with passing, uttering and publishing the check with the knowledge that the endorsement of William D. Jones was forged.

When the case came on for trial, the defendant, William Garnet Martin, pleaded guilty to the first and third counts and Buell Miller Martin entered a plea of guilty to the third count. They went to trial on the other counts (Tr. p. 5).

Counsel for the appellant, before the matter of the above pleas was settled, moved for a separate trial from his co-defendants for the reason that one of the Martins had entered a plea of guilty and one had entered a plea of not guilty and the appellant's substantial rights would be prejudiced by a joint trial (Tr. p. 2). The trial judge overruled this motion for the reason that he could protect appellant's rights through instructions to the jury.

It developed at the trial that the two Martins had made individual and separate statements of admissions to Sheriff Truman Mays of Allen County and Postal Inspector James H. Frazier. These statements implicated the appellant, Lee Otis Anderson. Apparently the indictment was framed on the basis of these admissions.

Counsel for the appellant charges that error was committed in refusing to allow a separate trial, in admitting the admissions of the two Martins and in permitting the Assistant United States Attorney to cross-examine Anderson with

* Now Circuit Judge.

reference to the statement of Buell Miller Martin.

■ A trial judge may grant separate trials of counts if it appears that a defendant or the government will be prejudiced by a joinder of offenses or defendants or provide other relief if justice requires. Rule 14, Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ A broad discretion is allowed the trial judge and in the absence of an abuse of discretion, an order refusing to grant a severance will not be reversed on appeal. Sharp v. United States, 6 Cir., 195 F.2d 997; Ross v. United States, 6 Cir., 197 F.2d 660, 661; Petro v. United States (Sanzo v. United States), 6 Cir., 210 F.2d 49; United States v. Ball, 163 U.S. 662, at page 672, 16 S.Ct. 1192, at page 1195, 41 L.Ed. 300. We consider there was no abuse of discretion by Judge Swinford in denying appellant's motion in this case.

■ The admissions of the two Martins as related by the witnesses Sheriff Truman Mays and Postal Inspector James H. Frazier, were properly limited for the consideration of the jury by instructions of the trial judge. The jury was adequately advised that those admissions could not be considered as evidence against Anderson.

■ Statements incriminating against one or more joint defendants but not all of them are not per se prejudicial and may be admitted under proper instructions to the jury. United States v. Ball, supra. In Opper v. United States, 348 U.S. 84, at page 95, 75 S.Ct. 158, at page 165, 99 L.Ed. 101, the Court said, "It was within the sound discretion of the trial judge as to whether the defendants should be tried together or severally and there is nothing in the record to indicate an abuse of such discretion when petitioner's motion for severance was overruled. The trial judge here made clear and repeated admonitions to the jury at appropriate times that Hollifield's incriminatory statements were not to be considered in establishing the guilt of the petitioner. To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict. Our theory of trial relies upon the ability of a jury to follow instructions. There is nothing in this record to call for reversal because of any confusion or injustice arising from the joint trial. The record contains substantial competent evidence upon which the jury could find petitioner guilty." See also Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278.

In determining whether or not these admissions were prejudicial to Anderson, we look to the record to see if there was sufficient evidence to sustain a conviction exclusive of them. The separate statement of the appellant to the Postal Inspector was not inconsistent with innocence and was not different from his testimony at the trial. The case against Anderson must then be considered as though the Sheriff and Inspector had not testified.

■ We conclude that there is no competent evidence upon which the jury could find that Anderson forged the endorsement of the payee, William D. Jones. The judgment of conviction on the second count must, therefore, be reversed.

On the third count, the evidence is conflicting as to Anderson's part in cashing the check. Jack Kinnarey, proprietor of the Riverside Liquor Store, where the check was cashed, testified that Anderson and William Garnet Martin came into the store and that Anderson had the check and requested him to cash it for his "Friend" or "Buddy." He further testified that he told them he didn't have enough money and suggested they go across the street; that they left the store and then came back and Anderson asked if he could cash it if they bought a case of whiskey; that he asked Anderson to sign it; that he gave him the change and that Anderson carried out a half of a case of whiskey. Anderson denied all of these things. He admitted that he let William

Garnet Martin out of the car at the Sears-Roebuck store, that he let him out of the car in front of a bank and drove around the block to wait for him, that he let him out at Campbell's market and that as far as he knew he did not buy anything in any of these stores. He then took him to the liquor store where Anderson had previously cashed checks.

The jurors could have accepted Kinnarey's story as the more plausible one and if they did so accept it, they must have concluded that Anderson had possession of the check and that he cashed it. They must also have concluded that Anderson did not tell the truth as to essential details of the transaction. The evidence was undisputed that the check was forged. If Anderson saw the name William D. Jones on the check he knew it was not the name of his friend Martin, from whom he received the check.

■■ It is essential for the government to establish that Anderson knew the check was forged. Knowledge in the mind of another is a subjective thing. It is not always capable of proof by positive or direct evidence. It may be inferred or gathered from the outward manifestations, by the words or acts of the party charged with knowledge and from the facts and circumstances surrounding or attendant upon the act with which it is charged to be connected. It may be proved by all the facts and circumstances disclosed by the evidence taken in connection with the case.

In United States v. Hines, 2 Cir., 256 F.2d 561, at page 564, the Court said "The jury need not grasp for improbable explanations; for instance, that the postman casually lost the letter which this defendant or a confederate casually found, and which they made no attempt to return as should have been done. We have reiterated many times that the jury may make common-sense inferences from the proven facts in both civil and criminal cases."

■ Judge Swinford said he believed Mr. Kinnarey told the "exact truth." He saw and heard the witnesses and was in a position to judge of their credibility as were the jurors. We conclude that there was ample substantial evidence to sustain the verdict on the third count.

■ The final complaint of error is that the Court permitted the Assistant United States Attorney to cross-examine Anderson with reference to the admission of Buell Miller Martin, as testified to by Sheriff Mays. Since the Court ruled that this evidence was inadmissible as to Anderson, it was not properly a subject of cross-examination. However, from the answer given by Anderson, it appears no prejudicial error was committed.

The judgment of conviction on the third count should be and is hereby affirmed.

McALLISTER, Circuit Judge (dissenting).

In my opinion, there was no evidence that appellant, jointly with the Martin brothers, passed and uttered the check in question, with the knowledge that the endorsement of the payee's name was forged. Accepting all the admissible testimony introduced on behalf of the government, the evidence discloses that appellant brought William Martin (who was guilty of stealing the check, and forging the payee's name) to the liquor store where appellant had previously cashed checks. At that time, appellant asked the proprietor of the liquor store to cash the check in question for his "friend," or "buddy"—referring to William Martin. The check bore the forged endorsement of the payee, Jones. However, the proprietor of the liquor store would not cash the check or accept it in trade unless appellant Anderson also endorsed it. Anderson was known to the proprietor of the liquor store. As above stated, Anderson had previously cashed checks there; and, on the request of the liquor store proprietor, he endorsed the check here in question. From an examination of the record, I consider that there was no evidence that Anderson knew that the payee's name had been forged. He could as reasonably have assumed that the payee had endorsed the

check and given it to Martin. If Martin had also endorsed the check prior to appellant's endorsement, it would not seem that it would be possible to hold appellant for cashing the check, knowing that the payee's name had been forged. It seems contrary to human experience and reason that a man would bring a check to a storekeeper, knowing that the endorsement of the payee had been forged, when he himself was known to the storekeeper and had previously cashed checks there, and would add his own endorsement to the check on the request of the storekeeper. In my opinion, appellant's conviction should be reversed.