**UNITED STATES of America,**
**Appellee,**

v.

**Francis Joseph KANE, Jr., Defendant-**
**Appellant.**

**No. 417, Docket 28180.**

United States Court of Appeals
Second Circuit.

Argued Sept. 5, 1963.

Decided Sept. 17, 1963.

Anthony F. Marra, New York City (Leon B. Polsky, New York City, of counsel), for defendant-appellant.

Robert M. Morgenthau, U. S. Atty., Southern District of New York (Thomas F. Shea, James M. Brachman, Asst. U. S. Attys., of counsel), for appellee.

Before CLARK, WATERMAN and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant, after a one day trial by a judge without jury in which appellant elected not to testify and not to present evidence, was convicted of having uttered and of having aided and abetted the uttering of a U. S. Treasury check while knowing that the endorsement of the

---

payees thereon was a forged endorsement. We affirm the conviction.

Appellant claims that the court below erred in denying his motions for acquittal on the ground that the evidence was insufficient to support the determination of the district judge that: "The government has proved to me, at least inferentially and by testimony, the guilt of this defendant beyond a reasonable doubt and I, accordingly, find him guilty. * * *"

It was stipulated that the endorsement was forged. The check was presented to a storekeeper for cashing, and the evidence is conclusive that it was cashed only because appellant vouched for a man accompanying him to whom the proceeds were paid, and whom appellant has never identified.

Viewing the evidence in the light most favorable to the Government, and drawing all permissible inferences which tend to support the judgment, we cannot say that the judge below was mistaken in his evaluation of the evidence before him.

Should he fail in his attempt to obtain an acquittal appellant alternatively seeks a new trial on the ground that one of the three witnesses the Government called, agent Scanlon of the U. S. Secret Service, testified to a short conversation appellant had with an Assistant United States Attorney in Scanlon's presence in the attorney's office, after appellant had been warned of his right to remain silent. This conversation occurred nine days after appellant's appearance before a U. S. Commissioner and the fixing of bail which defendant could not supply, and eleven days before his arraignment on the indictment in U. S. District Court when he was assigned counsel. All that appellant said, as testified to by Scanlon, was wholly exculpatory; and it was but corroborative of the testimony of the other two government witnesses—the storekeeper, and the Secret Service agent who interviewed appellant prior to the arrest and who was the complaining officer before the Commissioner. They both testified to statements appellant had made to them which were similar to the story appellant told the government attorney. Scanlon's testimony was cumulative to that of the others, each of whom had testified earlier, and thus it in no way prejudiced appellant in this trial before a judge sitting without jury. We find no prejudicial error.

Moreover, at trial no objection was made to Scanlon's testimony; the propriety of admitting this exculpatory testimony is raised for the first time on this appeal.

Conviction affirmed.