UNITED STATES of America, Plaintiff-Appellee,

v.

Richard A. WEEKS, Defendant-Appellant.

No. 209, Docket 28400.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1963.

Decided Dec. 23, 1963.

Peter K. Leisure, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, James M. Brachman, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Richard A. Weeks, pro se, New York City (Anthony F. Marra, The Legal Aid Society, New York City, on the brief), for defendant-appellant.

Before MOORE, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM.

Appellant was convicted, after a one-day trial without a jury, for a violation of Title 18, United States Code, § 1708. He had been indicted for two alleged violations of this statute. Prior to the swearing of the first witness, defense counsel moved for a direction that the Government elect between the first count, mail theft, and the second count, possession of stolen mail. The trial court reserved decision on this motion until the close of the Government's case-in-chief when it dismissed the first count. The trial court's reservation of its decision was clearly within its discretion and did not constitute error. Cf. United States v. Ketchum, 320 F.2d 3 (2d Cir.), cert. denied, 375 U.S. 905, 84 S.Ct. 194, 11 L.Ed.2d 145 (1963). Moreover, since the second count was premised upon prior mail theft, it was not error, despite the dismissal of the first count, to receive evidence of theft to prove the second

count, a distinct indictable offense. Marshall v. United States, 299 F.2d 141 (10th Cir.), cert. denied, 370 U.S. 958, 82 S.Ct. 1606, 8 L.Ed.2d 824 (1962). Finally, when viewed in the light most favorable to the Government, cf. United States v. Kane, 322 F.2d 787 (2d Cir. 1963), it cannot be said that the evidence adduced at the trial did not support beyond a reasonable doubt the inference that appellant unlawfully possessed a package stolen from an authorized depository for mail matter, with knowledge that it was stolen, for which the judgment of conviction under the second count was duly entered. See United States v. Hines, 256 F.2d 561 (2d Cir. 1958).

Affirmed.