Leroy WEBB, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 8057.

United States Court of Appeals
Tenth Circuit.

June 18, 1965.

James A. Tilker, Cheyenne, Wyo., for defendant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before PHILLIPS, LEWIS and HILL, Circuit Judges.

LEWIS, Circuit Judge.

Appellant was convicted upon a single count indictment which charged him with the unlawful possession of stolen mail, knowing the same to have been stolen, in violation of 18 U.S.C. § 1708. He appeals, asserting that the evidence was insufficient to establish the fact that the subject letter, containing an Oklahoma state welfare check, was ever mailed and, as a corollary to such appellate claim, that the court erred in instructing the jury.

The subject check, payable to one Delia McDaniel in the amount of $73.00 and dated January 1, 1964, was cashed by appellant on January 2, 1964, an occurrence which appellant denied and attempted to refute by testimony of alibi but which was proved by direct and convincing evidence. The check had never been received by the payee, Mrs. McDaniel, and her signature was forged thereon. Mrs. McDaniel's mailing address was Box 29, Route 1, Choctaw, Oklahoma.

To establish the jurisdictional fact that the McDaniel check had been mailed, the government relied upon testimony establishing the routine of the Oklahoma Department of Welfare in preparing and

delivering its monthly warrants. The evidence showed that the McDaniel check was one of some 114,000 similar warrants prepared from the December, 1963, registry lists of the department for delivery by mail to the recipients. The warrants are mechanically stuffed, sealed and stamped, placed in mail bags, and then picked up by the Post Office on the last day of each month for delivery on the first day of each month. Departmental records showed no deviation from the routine regarding the McDaniel check and did show prompt delivery of other checks in the area of Route 1, Choctaw. In fact, a check addressed to appellant's girl friend and with whom he was living was delivered to Box 22K, Route 1, Choctaw.

■ We have no doubt that the proof of the routine procedures of the Oklahoma Welfare Department in the preparation and mailing of welfare checks is sufficient to support a permissible inference that this particular check reached the United States mails. It is true that the testimony relating to mailing does not single out the particular check in any manner nor does it negate all possibilities that might strip appellant's possession of the check of its criminal aspects. But the jury's function is broad enough to allow it to make common sense inferences from proven facts and the burden of the government in this type of case does not require it to negate all unlikely but possible facets of innocence. See United States v. Zimple, 7 Cir., 318 F.2d 676, cert. denied, 375 U.S. 868, 84 S.Ct. 128, 11 L.Ed.2d 95. Appellant's possession and cashing of the check was tainted with guilt and not consistent with innocence under all the circumstances of this case. We hold the evidence sufficient to support the judgment.

■ Appellant also asserts that the final paragraph of the following instruction given by the court would allow conviction regardless of whether or not the letter was ever in the United States mails:

"You are instructed that for the defendant herein to be convicted of the crime charged in the indictment herein, three essential elements which comprise the crime must be proven, each beyond a reasonable doubt, by the United States, as follows:

"First: That the defendant had in his possession the contents of a letter, and

"Second: That said letter and its contents had been stolen from a mail receptacle or mail route depository, and

"Third: That the defendant knew that said letter and its contents had been so stolen.

"In this connection, you are further instructed that it need not be proven, in order to find the defendant guilty herein, that the defendant himself stole said letter and its contents from a mail receptacle or mail route depository, but only that the letter and its contents were stolen and the defendant knew that the same were stolen."

We find no merit to the contention. The government need not show *how* the mail was stolen and the instruction is clear and correct in all its aspects. United States v. Hines, 2 Cir., 256 F.2d 561.

The judgment is affirmed.