**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William Clinton GARDNER, Defendant-**
**Appellant.**

**No. 26495.**

United States Court of Appeals,
Ninth Circuit.

Jan. 10, 1972.

Rehearing Denied March 15, 1972.

William Hawes, Los Angeles, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., David R. Nissen, Asst. U. S. Atty. & Chief, Crim. Div., Thomas E. Kotoske, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY, BROWNING and ELY, Circuit Judges.

PER CURIAM:

This is an appeal of a conviction for violation of 18 U.S.C. § 1708, possession of stolen mail. We affirm.

On the morning of June 11, 1969, Mrs. Sterling Pillsbury placed in her mailbox for pickup by the postman a Home Savings & Loan Association pre-addressed, postage prepaid, "save-by-mail" envelope containing a passbook, a deposit slip, and two endorsed checks. The following morning appellant appeared at Home Savings, deposited the two checks to the Pillsbury account, and withdrew $7,500—$500 in cash and a $7,000 check. Later that day he returned, stated that he was Dr. Pillsbury, and attempted to cash the $7,000 check. He was asked to wait while the manager, who knew Dr. Pillsbury, was summoned. After waiting a few moments, appellant "rushed" from the bank, leaving the check behind. His apprehension, indictment, and conviction followed.

Appellant argues that the evidence was insufficient to establish that he knew the matter he possessed was stolen from the mails, relying on Allen v. United States, 387 F.2d 641, 642 (5th Cir. 1968), and Webb v. United States, 347 F.2d 363, 364 (10th Cir. 1965). The government argues that it is not required to prove that appellant knew the items were stolen from the mails but only that appellant knew they were stolen, citing Smith v. United States, 343 F.2d 539, 543 (5th Cir. 1964), and United States v. Hines, 256 F.2d 561, 563 (2d Cir. 1958).

The government's view seems to us correct. The statutory requirement that the matter be stolen from the mails simply provides the basis for federal jurisdiction. Absent a contrary legislative intention, knowledge of a strictly jurisdictional element of a federal offense is not prerequisite to conviction. See United States v. Roselli, 432 F.2d 879, 891 n.17 (9th Cir. 1971); United States v. Howey, 427 F.2d 1017, 1018 (9th Cir. 1970).

The legislative history of section 1708 makes it unequivocally clear that the government need only prove that appellant knew the matter was stolen. See United States v. Hines, supra, 256 F.2d at 563, and Smith v. United States, supra, 343 F.2d at 543. 18 U.S.C. § 317 (1940), the predecessor to section 1708, did require proof that a defendant knew the matter he possessed was stolen from the mails. In Brandenburg v. United States, 78 F.2d 811 (3d Cir. 1935), the Third Circuit reversed a conviction under section 317 because the government failed to establish such knowledge. In response to Brandenburg, Congress amended section 317 to delete this element of the knowledge requirement. See Sen.Rep.No. 864, 76th Cong., 1st Sess. 1939; H.R.Rep.No. 734, 76th Cong., 1st Sess. 1939.[1]

---

1. Section 317 prohibited the theft of matter from the mails. It then prohibited the possession of matter "which has been so stolen . . . as herein described, knowing the same to have been so stolen . . . " (emphasis added). The amendment eliminated the second "so." The House Report states:

"Under the existing statute it is necessary for the Government, in order to secure a conviction for the crime of receiving property stolen from the mails,

Appellant asserts that the evidence is inadequate in another respect. He claims that it does not establish that the stolen matter was in fact stolen from the mails, relying on United States v. Logwood, 360 F.2d 905, 907 (7th Cir. 1966). Of several other possible inferences from the evidence suggested by appellant, one merits discussion: that the "save-by-mail" envelope with its contents was delivered to Home Savings and thereafter misappropriated when no longer in the mails. Appellant relies upon the fact that no evidence was introduced to show the letter was not received by Home Savings.

■■ Mail theft can rarely be established by direct evidence. United States v. Mooney, 417 F.2d 936, 938 (8th Cir. 1969). In assessing the circumstantial proof upon which the government must usually rely, the trier of fact "need not grasp for improbable explanations," but "may make common sense inferences from the proven facts." United States v. Hines, *supra*, 256 F.2d at 564. *See* United States v. Zimple, 318 F.2d 676, 680 (7th Cir. 1963).[2] Here appellant, posing as a customer, presented the checks and passbook at Home Savings about 10 o'clock on the morning after they had been mailed the preceding day about noon. Considering this short time span, it is highly improbable that these items could have been received at the Home Savings office in the regular course of the mail; that some unidentified person in that office could have appropriated them after their receipt and transmitted them to appellant; and that appellant could then have presented them for deposit shortly after the Home Savings office opened for public business. In short, the jury could reason-

ably infer from the evidence that the envelope was stolen while in the mails, that is, after it had been mailed by Mrs. Pillsbury and before it could be delivered to Home Savings.

■ Appellant argues that permitting an inference of guilt from the unexplained possession of recently stolen matter violates the privilege against self-incrimination because it permits guilt to be inferred from the defendant's silence. But the inference is not drawn from defendant's silence; it is equally available when the defendant testifies. Cases in which the defendant testified include United States v. Kye, 411 F.2d 120, 122–123 (8th Cir. 1969); Whitehorn v. United States, 380 F.2d 909, 912 (8th Cir. 1967); Anderson v. United States, 270 F.2d 124, 126–127 (6th Cir. 1959); and United States v. Hines, *supra*, 256 F.2d at 564.

■ Appellant also claims that to permit an inference of guilt in the absence of a contrary explanation shifts the burden of proof, requires him to explain his recent possession of the stolen matter, and, in this instance, involves significant self-incrimination problems because he was also being prosecuted in state court for forgery as a result of the same incident.

His reliance upon Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L. Ed.2d 57 (1969), to support this argument is misplaced, for while a rebuttable presumption such as the one in *Leary* shifts the burden of proof, an inference "does not shift the burden of going forward to the defendant for the trier of fact is left free to reject the inference in part or in whole. Nor does it change the burden of persuasion or relieve the

---

to prove not only that the property was stolen from the mails and that the receiver knew it was stolen, but also that he knew it was stolen from the mails. The reported bill amends the existing law so that it will sustain a conviction for the Government to prove that the property was in fact stolen from the mails and that the defendant knew the property he received had been

stolen. The committee feel that this should be sufficient without requiring the Government to prove also that the defendant knew the property received had been stolen from the mails."

2. *See also* Whiteside v. United States, 346 F.2d 500, 504 (8th Cir. 1965); Anderson v. United States, 270 F.2d 124, 127 (6th Cir. 1959).

Government of its obligation to prove each element of the crime beyond a reasonable doubt." McAbee v. United States, 434 F.2d 361, 363 (9th Cir. 1970). A defendant may be led to testify because he fears the jury will draw the inference of guilt if he does not offer an explanation, but the inference has this effect "not by operation of law, but only by close conformity with human observation. A defendant has no more right to complain of a properly instructed and rational inference than he does to complain of the laws of physics." *Id.* Moreover, appellant need not testify. He may explain his recent possession by evidence other than his own testimony, including the testimony of other witnesses.

Appellant also attacks the inference on due process grounds, relying again on *Leary, supra.* We rejected this argument in McAbee v. United States, *supra,* 434 F.2d at 363.

The judgment is affirmed.