**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Edward BARNES, Defendant-Appellant.**

**No. 72–1106.**

United States Court of Appeals,
Ninth Circuit.

Aug. 22, 1972.

Certiorari Granted Dec. 4, 1972.
See 93 S.Ct. 544.

---

Malcolm H. Mackey, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Richard A. Stilz, Eric A. Nobles, Asst. U. S. Attys., for plaintiff-appellee.

Before BROWNING, ELY, and KILKENNY, Circuit Judges.

ELY, Circuit Judge:

Barnes appeals from his conviction, by a jury, on six charges arising out of his alleged efforts to forge and utter stolen United States Treasury checks. Two of the counts related to Barnes' possession of stolen mail (*i. e.*, the checks), in violation of 18 U.S.C. § 1708. The other four concerned violations of 18 U.S.C. § 495, two for forging endorsements on the checks, and two for depositing those forged instruments into a bank account. Barnes challenges all six convictions.

Those under section 1708 are attacked on two grounds. First, Barnes contends that the evidence was insufficient. There is no merit to this contention. At trial the prosecution demonstrated, or Barnes conceded, that (1) the checks involved were stolen from the mails between July 1st and 8th, 1971; (2) on July 8, 1971, Barnes deposited the checks in an account opened only a month earlier under the name of "Clarence Smith," and (3) both the payees' and "Smith's" endorsements were written by Barnes. When this evidence is viewed, as it must be, in the light most favorable to the Government, it is more than adequate to sustain the prosecution's case. The jury could justifiably determine, from his actions, that Barnes knew the checks had been stolen; thus, the conviction was supported by the evidence. *See* United States v. Gardner, 454 F.2d 534 (9th Cir. 1972).

Barnes' other argument is that the District Court erred in instructing the jury that it might infer, from the fact that Barnes possessed recently stolen checks, that he knew they had been stolen.[1] He argues that that instruc-

---

1. The challenged instruction reads:
 "Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which you may reasonably draw the inference and find, in the light of the surrounding

tion, upon which the jury may have relied in reaching the guilty verdicts, violates both his Fifth Amendment due process rights and his privilege against self-incrimination. Under his theory, the former were violated because the allowed inference not only shifted the burden of proof on the issue of knowledge from the Government to him, but also that it does not reflect the required nexus between the fact proved and the fact inferred. *Cf.* Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). The privilege against self-incrimination was infringed, argues Barnes, because the jury was permitted, by the terms of the instruction, to infer Barnes' guilt from his silence.

Although Barnes is supported in his latter contentions by a case recently decided by our Brothers of the Fifth Circuit, United States v. Cameron, 460 F.2d 1394 (5th Cir. 1972), we cannot accept his views for two reasons. First, a contrary rule has already been established by our court. The challenged instruction and the inference it permits have been generally approved. *See, e.g.,* United States v. Gardner, *supra.* Sec-

ondly, we can see no substantial basis for holding, as Barnes suggests we should, that as a matter of law, the District Court should have rejected the inference instruction because of the weakness of any proved connection between the theft and Barnes' subsequent possession. While, in some circumstances, such rejection might be required (*Cf.* Leary v. United States, *supra*), we cannot here hold that permitting the jury to infer knowledge from Barnes' possession was impermissible because of any "lack of connection between [them] in common experience." Tot v. United States, 319 U.S. 463, 467–468, 63 S.Ct. 1241, 1245, 87 L.Ed. 1519 (1943). *See also* Turner v. United States, 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970); Leary v. United States, *supra*, 395 U.S. at 30–36, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969).

■ Since Barnes received concurrent sentences on all six counts, we need not, and do not, consider whether any of the others is susceptible to the various attacks that Barnes makes. *See, e.g.,* United States v. Moore, 452 F.2d 576 (9th Cir. 1971).

Affirmed.

---

circumstances shown by the evidence in the case, that the person in possession knew the property had been stolen.

"However, you are never required to make this inference. It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference which the law permits the jury to draw from the possession of recently stolen property.

"The term 'recently' is a relative term, and has no fixed meaning. Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case. The longer the period of time since the theft, the more doubtful becomes the inference which may reasonably be drawn from unexplained possession.

"If you find beyond a reasonable doubt from the evidence in the case that the mail described in the indictment was stolen and that while recently stolen,

the contents of said mail here, the four U.S. Treasury checks, were in the possession of the defendant, you would ordinarily be justified in drawing from those facts the inference that the contents were possessed by the accused with knowledge that it was stolen property; unless such possession is explained by facts and circumstances in this case which are in some way consistent with defendant's innocence.

"In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that, in the exercise of constitutional rights, the accused need not take the witness stand and testify.

"Possession *may be satisfactorily explained through other circumstances, other evidence, independent of any testimony of the accused.*"

This instruction is functionally identical to that recently analyzed and condemned in United States v. Cameron, 460 F.2d 1394 (5th Cir. 1972), *see* text, *infra.*