**UNITED STATES of America,**
**Appellee,**

v.

**Ellen MORGAN, Appellant.**

**No. 73–1039.**

United States Court of Appeals,
Tenth Circuit.

Aug. 15, 1973.

Theodore S. Halaby, Denver, Colo. (James L. Treece, U. S. Atty., Theodore S. Halaby, Asst. U. S. Atty., Denver, Colo., on the brief), for appellee.

Philip M. Jones, Denver, Colo. (Henry V. Ellwood, Denver, Colo., on the brief), for appellant.

Before JONES*, HILL and SETH, Circuit Judges.

PER CURIAM:

Ellen Morgan was convicted under an indictment charging her with the possession of a check stolen from the mail in violation of 18 U.S.C.A. § 1708. The check was payable to a Linda Wilkerson who lived above the appellant. The evidence showed that the check was a welfare check which in due course of the operation of the welfare department of the city and county of Denver would have been mailed for delivery to the payee on November 2, 1970. On this date the check was cashed at a Denver bank bearing the forged endorsement of the payee. A handwriting expert testified for the Government that the endorsed signature was forged by the appellant. As her only witness the appellant testified that she had never seen and did not endorse the check. In rebuttal the Government called another handwriting expert who had been appointed for and on the application of the appellant, but who was not called by her to testify. This witness gave his opinion that the endorsement was made by the appellant.

■ The principal contention of the appellant is that the evidence was insufficient to sustain the conviction. This issue is resolved against the appellant by Webb v. United States, 10th Cir. (1965), 347 F.2d 363, where the facts are substantially the same as those presented on this appeal.

■ It is urged by the appellant that the Government should not have been permitted to call as its witness on rebuttal the handwriting expert who had been appointed at her request. She raises the unique but hardly plausible contention that Government counsel would never have heard of and hence would not have called this witness if he had not been appointed on her behalf. There might be some basis for asserting that the testimony of this witness was not proper rebuttal. If the admission of such testimony was error, such error was harmless. See United States v. Milano, 10th

---

* Of the Fifth Circuit, sitting by designation.

**436**

Cir. (1971), 443 F.2d 1022; cert. den., 404 U.S. 943, 92 S.Ct. 294, 30 L.Ed.2d 258.

The other matters raised by the appellant have been considered and found to be without merit. The judgment of the district court is

Affirmed.