UNITED STATES of America, Plaintiff-Appellee,

v.

Gary Lewis GALLOP, Defendant-Appellant.

No. 82–1144X.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 7, 1982.

Decided Dec. 8, 1982.

---

Michael Martin, Asst. Fed. Public Defender, Seattle, Wash., for defendant-appellant.

Sally Gustafson, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Before BROWNING, Chief Judge, TUTTLE * and REINHARDT, Circuit Judges.

PER CURIAM:

Gallop appeals his conviction under 18 U.S.C. § 1708 for possessing money orders stolen from the mail. He argues there was insufficient evidence that the theft occurred while the money orders were still in the mails, *i.e.,* after they had been mailed, but before they had been delivered; and that certain evidence seized from his person should have been suppressed.

*Mailing and Non-Receipt*

 In determining whether the government has met its burden of showing mailing and non-receipt, the jury is entitled to "make common sense inferences from the proven facts." *United States v. Gardner,* 454 F.2d 534, 536 (9th Cir.1972), *quoting United States v. Hines,* 256 F.2d 561, 564 (2d Cir.1958). While the evidence in this case was weaker than the evidence in *Gardner,* we believe it was sufficient to allow the jury to infer mailing and non-receipt. The government produced two "Transaction in Difficulty" forms prepared by Safeway reciting the dates the money orders were mailed first class by American Express from New York, and reporting that the agent at the Safeway store in Seattle did not receive them. While records prepared by the addressor would have been stronger evidence of mailing, the jury could infer mailing from the "Transaction in Difficulty" forms viewed in light of the fact that the money orders did appear in Seattle. In addition to Safeway's report of non-receipt, testimony that difficulties ceased once Safeway arranged to have the money orders delivered directly inside the store rather than to its rural-type mail box further supports the jury's conclusion that the money orders were stolen from the mail, not after receipt.

*Motion to Suppress*

When Gallop's motion to suppress was last before this court, *United States v. Gallop,* 606 F.2d 836 (9th Cir.1979), the court assumed that Gallop's arrest, and therefore the search of his wallet incident to arrest, could be legal only if the search of Connors' purse was legal. *Id.* at 838–39. The court went on to hold that the search of Connors' purse was a valid inventory search, and that the evidence found gave the police probable cause to arrest Gallop, *id.* at 840, making the search of Gallop's wallet a valid search incident to arrest. *See United States v.*

* Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Eleventh Circuit, sitting by designation.

*Passaro,* 624 F.2d 938, 943–44 (9th Cir.1980). In this appeal, Gallop argues that under the Supreme Court's recently announced test for retroactivity in fourth amendment cases, *United States v. Johnson,* —— U.S. ——, 102 S.Ct. 2579, 73 L.Ed.2d 202 (1982), the case of *United States v. Chadwick,* 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), should be applied retroactively in this case to hold the inventory search illegal. *See United States v. Monclavo-Cruz,* 662 F.2d 1285, 1288–89 (9th Cir.1981). We do not reach this issue, however, because we conclude that under *Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), there is a prior question as to whether Gallop had a privacy interest in Connors' purse.

In *Rawlings,* the Supreme Court considered facts similar to those in the present case; the appellant's arrest was based on evidence found in a search of his companion's purse. The Court held that an illegal search of the purse violated the appellant's fourth amendment rights only if he had a privacy interest in the purse. We must apply *Rawlings* to this case because, under *United States v. Johnson, supra,* the Court's fourth amendment decisions are to be applied retroactively to cases still pending on direct appeal unless they represent "a clear break with the past." —— U.S. at —— ——, 102 S.Ct. at 2586–90. *Rawlings* does not represent such a break. *See Rawlings v. Kentucky,* 448 U.S. at 104–06, 100 S.Ct. at 2561–62; *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Alderman v. United States,* 394 U.S. 165, 174–75, 89 S.Ct. 961, 966–67, 22 L.Ed.2d 176 (1969).

Under *Rawlings,* Gallop's arrest, and the search of his wallet incident to the arrest, were legal unless he can show he had a privacy interest in Connors' purse. The existence of a privacy interest is a question of fact. We remand to give Gallop "an opportunity to demonstrate, if [he] can, that [his] own Fourth Amendment rights were violated." *United States v. Salvucci,* 448 U.S. 83, 95, 100 S.Ct. 2547, 2554, 65 L.Ed.2d 619 (1980).

AFFIRMED IN PART, REMANDED IN PART.