Harold General **WADE**, Defendant-Appellant,

v.

**UNITED STATES of America,**
Plaintiff-Appellee.

No. 71–1879.

United States Court of Appeals,
Ninth Circuit.

Feb. 25, 1972.

Morton L. Shatzkin, Studio City, Cal., for defendant-appellant.

Robert L. Meyer, U. S. Atty., Eric A. Nobles, Chief, Crim. Div., Alan H. Friedman, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before CHAMBERS, KOELSCH and ELY, Circuit Judges.

PER CURIAM:

Appellant, Harold General Wade, challenges his conviction under 18 U.S.C. § 1708, mail theft. He argues that the detention and arrest which preceded his conviction were unlawful; he further argues that the evidence presented against him in the court below was insufficient to establish possession of checks stolen from the mail. Since we find these contentions without merit, we affirm the conviction.

I. The Detention

This Court has repeatedly held that an officer may "detain" an individual in order to conduct a limited investigative inquiry if the officer has "reasonable grounds" for such action; the officer has "reasonable grounds" if there is "a founded suspicion . . ., some basis from which the court can determine that the detention was not arbitrary or harassing." Wilson v. Porter, 361 F.2d 412, 415 (9th Cir. 1966).

These are the facts which led the police officers to "detain" Wade: In the early afternoon, the police received a complaint that a male negro had attempted to molest some children in a pedestrian tunnel which was located at approximately 17th Street and Washington Boulevard in Los Angeles; immediately upon receiving the complaint, two Los Angeles police officers were dispatched to the area; upon approaching the pedestrian tunnel, they observed one black male (Wade) in the vicinity; he was sitting near the tunnel entrance; the officers saw him turn, see the police car,

then get up and walk away from the approaching vehicle. On these facts it cannot be said that Wade's detention was "arbitrary or harassing."

## II. The Arrest

■ At one point, Wade argues that there was no probable cause for arrest on the child molestation charge. He is correct; this may be why he was not arrested on a child molestation charge.

Appellant was arrested for violating § 475 of the California Penal Code, possession of a stolen check. When this is the charge, the evidence supports a finding of probable cause to arrest: As the officers approached Wade, he was observed rolling up and discarding what turned out to be a check made out to another and not endorsed over to him; Wade was known to one of the officers to have a recent history of arrests, including an arrest for mail theft; and Wade offered a false exculpatory statement. (He said he had no knowledge of the check and that he did not drop it.)

We believe that the foregoing facts created such probable cause as to justify Wade's arrest. The ensuing search, leading to the discovery of the second check, was, as an incident to the arrest, constitutionally valid.

## III. Sufficiency of the Mail Theft Evidence

The other argument that Wade makes is that the government failed to present evidence sufficient to support a finding that the checks in question were stolen from a "mail receptacle . . . or other authorized [mail] depository." 18 U.S.C. § 1708.

■■ The government does not need to prove that the checks were taken from a "mail receptacle . . . or other authorized [mail] depository." All

the government needs to prove is that the checks possessed by Wade had been stolen from the mail, 18 U.S.C. § 1708; and this burden is eased by the rule that allows the trier of fact to infer from the facts that a properly addressed and recently mailed item was never received by the addressee and that the item was found in the defendant's possession the further fact that the possessor stole the item from the mail. United States v. Birnstihl, 441 F.2d 368 (9th Cir. 1971). Since undisputed evidence indicated that the letters containing the checks had been properly addressed, recently mailed, and never received by the addressees, and since Wade had the checks, the government introduced sufficient evidence to support the finding in question.

■ Furthermore, assuming, arguendo, that in order to obtain a conviction in this case, the government must prove that the stolen items were taken from a "mail receptacle . . . or other authorized [mail] depository," even this higher requirement was met by the government. The government introduced evidence that the checks were in two separate letters addressed to two different students who both happened to reside in fraternity houses just off the University of Southern California campus. From the evidence introduced at trial, it seems likely that both these letters were delivered by being dropped through the mail slots at the respective fraternity houses in which the addressees resided. It is Wade's contention that mail slots are not covered by 18 U.S.C. § 1708. The statute specifically includes in its coverage mail receptacles and authorized depositories of mail. The applicable Post Office Regulations indicate that a mail slot is an authorized mail depository (see 39 C.F.R. 151.1(a) and 155.4).