**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Wallace Bruce PATTERSON,**
**Defendant-Appellant.**

**No. 81–1166.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 14, 1981.

Decided Jan. 4, 1982.

A. J. Kramer, San Francisco, Cal., for defendant-appellant.

Floy E. Dawson, Asst. U. S. Atty., San Francisco, Cal., for the U. S.

---

Before ANDERSON and POOLE, Circuit Judges, and KELLEHER,* District Judge.

J. BLAINE ANDERSON, Circuit Judge:

Wallace Bruce Patterson appeals his conviction for possession of material stolen from the mail in violation of 18 U.S.C. § 1708.[1] Because we find the material was not stolen from the mail, we reverse.

## I. BACKGROUND

On January 5, 1979, a police officer stopped Patterson, near the San Francisco YMCA, for being under the influence of narcotics. The officer discovered two United States Treasury checks in Patterson's possession. These checks were made payable and addressed to:

1.  James A. Nolan
    YMCA Hotel, Room 431
    351 Turk Street
    San Francisco, California

2.  Michael J. Whittaker
    YMCA Hotel, Room 331
    351 Turk Street
    San Francisco, California

Patterson was indicted in two counts for possession of stolen mail matter in violation of 18 U.S.C. § 1708. At trial, he admitted that he possessed the checks and that he knew they were stolen. He argued, however, that the checks were not stolen from the mail.

The trial court, although recognizing that it was a close question, reasoned that the hotel's process for handling mail represent-

ed an extension of postal activity. The court noted the hotel's long-standing, organized system for prompt sorting of the mail, and that mail addressed to nonguests of the hotel was held in segregated receptacles for immediate delivery to the addressee or eventual return to the sender. The court therefore concluded that all elements of the offense had been established and found Patterson guilty of violating 18 U.S.C. § 1708 in both counts. Patterson appeals this conviction.

## II. DISCUSSION

■ In order to convict Patterson of possession of stolen mail, a violation of 18 U.S.C. § 1708, the Government must prove that: (1) Patterson possessed the checks; (2) Patterson knew the checks were stolen; and (3) the checks, in fact, were stolen from the mails. *United States v. Gardner,* 454 F.2d 534, 535–36, n.1 (9th Cir.), *cert. denied,* 409 U.S. 867, 93 S.Ct. 164, 34 L.Ed.2d 116 (1972); *Wade v. United States,* 457 F.2d 335 (9th Cir. 1972). Because Patterson admitted that he possessed the checks knowing them to be stolen, the only question before us is whether the checks were "in the mail" when they were stolen from the YMCA holding boxes. We conclude they were not.

The United States Postal Service delivered the mail to the YMCA front desk. YMCA employees took complete control of the mail once it was delivered to the desk. The mail for non-guests was held in YMCA boxes for at least one week. There is nothing to indicate that these boxes, from which the Treasury checks were stolen, were authorized United States mail depositories. Nor is there any evidence that the YMCA, or its employees, were authorized, by postal

---

*The Honorable Robert J. Kelleher, United States District Judge, Central District of California, sitting by designation.

1. In pertinent part, 18 U.S.C. § 1708 provides:
   Whoever steals, takes, or abstracts, . . . from or out of any mail, post office, or station thereof, letter box, mail receptacle, or any mail route or other authorized depository for mail matter, or from a letter or mail carrier, any letter, postal card, package, bag, or mail, or abstracts or removes from any such letter,

package, bag, or mail, any article or thing contained therein . . . ; or

\*   \*   \*   \*   \*   \*

Whoever . . . unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen. . . .
Shall be fined not more than $2,000 or imprisoned not more than five years, or both.

regulation or otherwise, as custodians of the mail.

We decline to read Section 1708 to create an involuntary agency relationship between the YMCA and the United States Postal Service. When the letters came to rest in the YMCA holding boxes, they were outside of mail channels. Thus, the checks were not stolen from the mail. *United States v. Logwood*, 360 F.2d 905 (7th Cir. 1966) (letters delivered to and held by apartment house landlady were not stolen from a custody or locus within the purview of Section 1708).

■ Additional support for this conclusion can be drawn from general principles of statutory interpretation. Criminal statutes are generally construed narrowly in favor of the defendant. *United States v. Laub*, 385 U.S. 475, 487, 87 S.Ct. 574, 581, 17 L.Ed.2d 526 (1966); *United States v. Dishman*, 486 F.2d 727, 730 (9th Cir. 1973). We see no reason to depart from this principle in the present case. There is no doubt that Congress, had it so intended, could have drafted Section 1708 broadly to protect mail until it reached the addressee. Instead, that protection is provided by 18 U.S.C. § 1702,[2] which protects correspondence until "it has been delivered to the person to whom it was directed." *See McCowan v. United States*, 376 F.2d 122, 124 (9th Cir.), *cert. denied*, 389 U.S. 839, 88 S.Ct. 66, 19 L.Ed.2d 102 (1967). This court will not construe Section 1708 more broadly.

## III. CONCLUSION

The judgment of the district court is REVERSED.

---

**2.** In pertinent part, 18 U.S.C. § 1702 provides:

Whoever takes any letter, postal card or package out of any post office or any authorized depository for mail matter ... before it has been delivered to the person to whom it was directed ... shall be fined not more than $2,000 or imprisoned not more than five years or both.