[No. B086760. Second Dist., Div. Seven. Aug. 31, 1995.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE LUIS CARRILLO, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts II. and III.

## COUNSEL

Marla E. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Susan D. Martynec and Sally P. Brajevich, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**JOHNSON, J.**—Appellant, Jose Luis Carrillo, appeals from a judgment of conviction for drug-related offenses. He contends the trial court erred in denying his motion to suppress evidence of the cocaine found in his car. He also contends the trial court erred in denying his motion to dismiss based on *Wheeler* (*People* v. *Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748]) error. Finally, he argues the restitution fine imposed by the trial court must be reversed in the absence of a finding of his ability to pay. We affirm.

### FACTS AND PROCEEDINGS BELOW

Deputy Sheriff Maples was assigned to the narcotics division in the Palmdale Sheriff's station. During the first week of April 1994, a confidential informant told Deputy Maples appellant distributed large amounts of cocaine and heroin in the Palmdale area. The informant told the deputy appellant's name, and described him as a male Hispanic, approximately forty years old, heavy set and approximately five feet seven inches tall. The informant indicated appellant came from the Los Angeles area and drove a "Toyota type" vehicle with traffic collision damage.

On April 19, 1994, Deputy Maples received further information regarding appellant from a separate confidential reliable informant. This informant said

appellant was in Palmdale at 38240 5th Street East, apartment No. 65, and would soon be delivering a quantity of cocaine to the Texaco gas station nearby.

Deputy Maples, along with other members of the sheriff's department, immediately set up a surveillance of the apartment complex and gas station. Deputies Kelleher and Brody were members of the surveillance team. Deputy Maples relayed the information he received from the confidential reliable informants to Deputy Kelleher, including appellant's name and physical description.

Approximately 35 minutes after Deputy Kelleher arrived at the surveillance location he observed appellant exit the apartment building with 2 Hispanic males and walk toward the Texaco station. Deputy Kelleher watched appellant and his two companions arrive at the Texaco station. They did not enter the establishment, but walked through the parking lot, stopped, and then continued to walk through the parking lot, repeatedly looking around in all directions.

Deputy Kelleher approached the three men in the parking lot. He noticed appellant carried a black nylon bag over his shoulder. The deputy asked in Spanish if they were carrying any guns. Appellant answered yes, in Spanish. Deputy Brody, a backup officer, arrived in the meantime to offer assistance. Upon hearing appellant respond he had a gun in his bag, Deputy Brody opened appellant's bag and found a Beretta .380-caliber semiautomatic pistol. There was one clip in the pistol and one additional clip in the magazine. The pistol had one bullet in the chamber ready for firing. The hammer on the pistol was cocked and ready to fire.

Appellant was arrested by Deputy Kelleher for possession of a concealed firearm (Pen. Code, § 12031). Following the arrest Deputy Kelleher conducted a patdown search of appellant. He found a single automobile key in appellant's pants pocket.

Both Deputies Kelleher and Brody returned to the apartment location with appellant to look for appellant's vehicle. Based on the informant's tip the deputies suspected appellant had been delivering narcotics and believed the narcotics were in appellant's vehicle because none were found on his person. Deputy Brody asked appellant where his car was located. Appellant responded he did not have a car. When further questioned by the deputy about how he got to Palmdale, appellant said he received a ride from someone else.

Officer Kelleher searched for appellant's vehicle in a vacant lot across the street from the apartment building. Using the key found in appellant's

pocket, he tried the key in approximately 25 vehicles before finding the key fit the door of a Mitsubishi automobile with body damage. Deputy Kelleher found the key unlocked the two front doors and trunk of the automobile.

Before entering the car Deputy Kelleher checked the registration of the vehicle on the mobile digital terminal computer in his patrol car. The information he received revealed the car was registered to Luis Carrillo. This was the name provided by the confidential informants. Believing the vehicle belonged to appellant, Deputy Kelleher entered and searched the interior of the automobile. Deputy Kelleher found a small bag containing approximately 13.98 grams of cocaine in the glove compartment. He also found a second bag containing a 249.7-gram brick of cocaine under the front passenger seat.

Appellant was charged with one count of possession for sale of a controlled substance, cocaine, in violation of Health and Safety Code section 11351. The information further alleged the substances appellant possessed for sale exceeded 28.5 and 57 grams of cocaine respectively. (Health & Saf. Code, § 11055, subd. (b)(6).)

Prior to trial, appellant filed a motion to suppress evidence pursuant to Penal Code section 1538.5. The motion was denied.

Trial was by jury. The jury found appellant guilty as charged. The trial court sentenced appellant to four years in state prison and imposed a restitution fine of $800 pursuant to Government Code former section 13967, subdivision (a).

Appellant appeals from the judgment of conviction.

### DISCUSSION

#### I. *It Was Not Error to Deny the Motion to Suppress Evidence Found in the Search of Appellant's Vehicle.*

Prior to trial appellant filed a motion to suppress evidence of the cocaine found in his car. (Pen. Code, § 1538.5.) The trial court found appellant had no expectation of privacy in the vehicle based on the evidence appellant denied ownership of the car. The trial court nevertheless heard evidence concerning the reasonableness of the search. At the conclusion of the hearing the trial court ruled the search of the automobile was justified by probable cause. Because we find there was probable cause to justify the warrantless search of the vehicle, it is not necessary to discuss the propriety of the trial court's finding appellant had no standing to contest the search.

■ Appellant contends the trial court erred in denying his motion to suppress evidence seized in the search of his vehicle. He contends the warrantless search was not supported by probable cause because there were no objective facts to lead the deputies to believe cocaine would be found in his car. In addition he argues the description the deputies had concerning his car violated the Fourth Amendment requirement the place to be searched be described with particularity. We disagree.

■ Under the automobile exception to the Fourth Amendment's warrant requirement, a "search is not unreasonable if based on facts that would justify the issuance of a warrant, even though a warrant has not actually been obtained." (*United States* v. *Ross* (1982) 456 U.S. 798, 809 [72 L.Ed.2d 572, 584, 102 S.Ct. 2157].) To satisfy this requirement, probable cause to justify a warrantless search of an automobile "must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." (*United States* v. *Ross, supra*, 456 U.S. at p. 808 [72 L.Ed.2d at p. 583].)

■ The objective facts supporting the finding of probable cause in this case resemble the circumstances the court found adequate in *United States* v. *Ross, supra*, 456 U.S. 798. In *Ross* an informant, who had previously proved to be reliable, told the police the defendant was selling narcotics from a car parked at a particular location. The informant stated he had witnessed defendant complete a sale and heard the defendant state he had more narcotics in the trunk of his car. The confidential informant gave the police a detailed physical description of the defendant and described the color and model of the defendant's car. (*Id.* at p. 800 [72 L.Ed.2d at p. 578].)

Police went to the indicated location and found a car matching the informant's description parked at the designated location. A check of the car's registration revealed it was registered to an Albert Ross, who fit the physical description given by the informant. A few minutes later the police observed a person driving the car who matched the description given by the informant. The police stopped the car and told the defendant to get out of the vehicle. (*United States* v. *Ross, supra*, 456 U.S. at p. 798 [72 L.Ed.2d at p. 572].)

A police officer discovered a bullet on the car's front seat and decided to search the rest of the vehicle. The officer discovered a pistol in the glove compartment. The defendant was then arrested and handcuffed. A detective took the defendant's car keys and opened the trunk where he found a paper bag containing a substance later discovered to be heroin. The police also found a leather pouch containing cash during a later search of the car's trunk

at the police station. (*United States* v. *Ross, supra,* 456 U.S. at p. 801 [72 L.Ed.2d at pp. 578-579].)

The Supreme Court found the information supplied by the confidential informant, which was independently corroborated by the police, plus the bullet discovered on the car's seat, provided adequate probable cause to believe contraband was secreted in the vehicle, which in turn justified a search of every part of the vehicle that may have concealed the narcotics. (*United States* v. *Ross, supra,* 456 U.S. at pp. 824-825 [72 L.Ed.2d at pp. 593-594].)

The objective facts found adequate in *Ross* to establish probable cause are virtually identical to those in the case at bar. As in *Ross*, the confidential reliable informants relayed identifying information concerning appellant and told Deputy Maples appellant was selling large quantities of cocaine in the Palmdale area. This information was corroborated by the officers prior to the search of appellant's vehicle. In addition appellant was found to be carrying a loaded concealed firearm, and falsely denied ownership of the car containing the drugs, even after the officer learned it was registered in appellant's name. Thus, contrary to appellant's assertion, the search in this case was based on more than the officer's unsupported suspicion. (*United States* v. *Ross, supra,* 456 U.S. at p. 808 [72 L.Ed.2d at p. 583].)

An informant told Deputy Maples appellant sold large quantities of cocaine in the Palmdale area. The informant identified appellant by name and gave the officer a physical description of appellant and of the car appellant drove. Later another informant relayed the identical information to Deputy Maples. The second confidential informant further informed the deputy appellant was then at a particular location and was about to complete a drug transaction at a nearby gas station. Within minutes a surveillance team went to the apartment location specified by the informant. Deputy Kelleher saw appellant exit the apartment the confidential informant indicated appellant could be found that evening. Appellant matched the physical description given by the confidential informants. Appellant walked from the apartment to the Texaco gas station where the informant stated appellant was to deliver the cocaine. Once at the gas station, an area known to officers for drug transactions, appellant loitered about and looked furtively in all directions.

At this point the officers detained appellant. He was carrying a concealed and loaded firearm and was arrested. While conducting a patdown search of appellant, Deputy Kelleher found a single vehicle key in appellant's pants pocket. Appellant denied owning a car and claimed he had been given a ride from Los Angeles to Palmdale. One of the confidential informants told

Deputy Kelleher appellant drove a "Toyota type" car with collision damage. The deputy tried the key in 25 car locks before finding the key fit the lock of a Mitsubishi with collision damage.[1] A check of the vehicle registration revealed Luis Carrillo to be the registered owner of the car. This information coincided with the information given the deputy by both confidential informants that appellant's name was Luis Carrillo. Appellant, nevertheless, disavowed ownership of the vehicle.

Because the confidential informant told the deputy appellant was delivering narcotics to the Palmdale area, and no narcotics were found on his person, Deputy Kelleher reasonably believed the narcotics would be in appellant's vehicle. In addition, having already arrested appellant for possession of one weapon, the deputy could have reasonably suspected the vehicle would contain other weapons. This suspicion clearly was elevated to probable cause when appellant denied ownership of the vehicle and the deputy learned the car was in fact registered to him, evidencing appellant's consciousness of guilt about the contents of the automobile.

 When a suspect makes false statements for the purpose of misleading or warding off suspicion, though these acts are by no means conclusive of guilt, they may strengthen the inference arising from other facts. (*People* v. *Cole* (1903) 141 Cal. 88, 90 [74 P. 547].) Appellant's false disavowal of ownership of the vehicle was intended to mislead the deputy, or ward off suspicion that he had anything to do with any narcotics or other incriminating evidence the deputy might find in the vehicle. Either that, or it was intended to dissuade the officer from even bothering to search the car. Such false exculpatory statements for the purpose of misleading or warding off suspicion were indicative of appellant's consciousness of guilt. (*People* v. *Osslo* (1958) 50 Cal.2d 75, 93 [323 P.2d 397]; see also 1 Witkin, Cal. Evidence (3d ed. 1986) The Hearsay Rule, § 657, pp. 642-643 and cases cited.)

In this case, appellant's statements evidencing consciousness of guilt related directly to the vehicle and what it contained. The false exculpatory statements served to reinforce the information from the two confidential informants. That information, the fact appellant had a concealed firearm and disclaimed ownership of the car registered in his name, provided enough probable cause to search the vehicle.

 Evidence of false exculpatory statements has long been recognized as relevant and admissible as tending to show a consciousness of guilt.

---

[1]While the search of the other cars (inserting and trying the key in each vehicle) may be questionable, appellant has no standing to challenge these searches.

(*People* v. *Cole*, *supra*, 141 Cal. 88, 90 ["Deception, falsehood, and fabrication as to the facts of the case are treated as tending to show consciousness of guilt, and are admissible on the same theory as flight and concealment of the person when charged with crime."]; *People* v. *Osslo*, *supra*, 50 Cal.2d at p. 93 [false exculpatory statements "cogently evidence consciousness of guilt and suggest that there is no honest explanation for incriminating circumstances."].) Consciousness of guilt is shown by "fabrications which, like devious alibis, are apparently motivated by fear of detection, or which, like devious explanations of the possession of stolen goods, suggest that there is no honest explanation for the incriminating circumstances." (*People* v. *Albertson* (1944) 23 Cal.2d 550, 582 [145 P.2d 7] (conc. opn. of Traynor, J.).)

Moreover, false exculpatory statements by a suspect can provide probable cause to arrest. For example, in *People* v. *Cole*, *supra*, 141 Cal. 88, the defendant was prosecuted for grand larceny for arranging the theft of carpets from the furniture store where he worked. The evidence tended to establish the defendant placed the carpets at the back door of the store at odd hours and arranged for one Burke to pick them up. When confronted with this evidence the defendant denied he delivered any carpets and disclaimed any knowledge of Burke. (*Id.* at p. 89.) The Supreme Court concluded the defendant's false denials provided "an additional valid reason for the arrest." (*Id.* at p. 92; see also *People* v. *Harris* (1980) 105 Cal.App.3d 204, 211-213 [164 Cal.Rptr. 296] [there was probable cause to arrest the accessory because she intentionally gave the investigating officer false information to facilitate the defendant's escape]; *People* v. *Hunt* (1990) 225 Cal.App.3d 498 [275 Cal.Rptr. 367] [providing false identification provided probable cause to arrest]; *People* v. *Boissard* (1992) 5 Cal.App.4th 972 [8 Cal.Rptr.2d 738] [providing false identification to police and denying possession of car (although both physical descriptions of person and car matched information relayed by confidential and citizen informants) provided probable cause to arrest and to search the vehicle where drugs were found].)

Other jurisdictions have also found false exculpatory statements to support a finding of probable cause to arrest. For example, in *Wade* v. *United States* (9th Cir. 1972) 457 F.2d 335, the appellate court found a false exculpatory statement supplied probable cause to arrest a defendant for possession of a stolen check. In *Wade* the defendant told the arresting officer he had no knowledge of a stolen check and denied dropping it when the officers approached. However, as the officers approached the defendant they saw him rolling up and discarding what turned out to be a check made out to someone else and not endorsed to the defendant. The court concluded the false exculpatory statement, in combination with the police officer's observation of the suspect discarding the stolen check and the officer's knowledge

of the suspect's recent history of arrests, including an arrest for mail theft, "created such probable cause as to justify Wade's arrest." *(Id.* at p. 337.*)*

Similarly, in *People* v. *Tyler* (1984) 128 Ill.App.3d 1080 [84 Ill.Dec 202, 471 N.E.2d 968], the appellate court found probable cause to arrest when the defendants gave false statements to officers regarding their location on the date of an armed robbery. The court noted ". . . differing explanations and knowledge that an explanation offered is untrue are circumstances that have been considered in determining whether there was probable cause to arrest." (471 N.E.2d at p. 975.) The court concluded the officers had sufficient probable cause to arrest the defendants based on identification of the suspects by the robbery victims and the defendants' false exculpatory statements. *(Ibid.)*

We conclude false statements designed to mislead or ward off suspicion a particular vehicle may contain contraband can similarly be one of the circumstances providing probable cause to search a vehicle. Here this evidence of appellant's consciousness of guilt, plus the evidence of the concealed firearm and corroborated information provided by the confidential informants, provided adequate probable cause to search appellant's vehicle. *(United States* v. *Ross, supra,* 456 U.S. at p. 808 [72 L.Ed.2d at p. 583].) Accordingly we conclude it was not error to deny appellant's motion to suppress evidence of the cocaine found in his car.

II., III.*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Lillie, P. J., and Woods (Fred), J., concurred.

---

*See footnote, *ante,* page 1662.