[No. C030993. Third Dist. Feb. 22, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
HOWARD DOUGLAS ALLEN, Defendant and Appellant.

## COUNSEL

Sharon Fleming, under appointment by Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Michael J. Weinberger and Doris A. Calandra, Deputy Attorneys for Plaintiff and Respondent.

## OPINION

**DAVIS, J.**—After his motion to suppress evidence was denied, defendant Howard Douglas Allen pleaded no contest to possession of cocaine base (Health & Saf. Code, § 11350, subd. (a)) and admitted a prior serious felony conviction. (Pen. Code, § 667, subds. (b)-(i).) He was sentenced to state prison for 32 months and now appeals, claiming the court erred in denying his motion to suppress the warrantless seizure of contraband from the handlebar tube of his bicycle. We hold there was no need for a warrant to search the bicycle's handlebar tube once the officers had probable cause to believe it contained contraband. Accordingly, we will affirm.

### FACTS[1]

About 6:45 p.m. on March 27, 1998, Officers Eric Jennings and Jonathan Forbeck noticed defendant in an area of Sacramento where narcotics were frequently used and sold at all times of the day and night. Forbeck was aware that defendant had an arrest history for narcotics-related offenses.

---

[1]Where, as here, the motion to suppress is submitted to the superior court on the preliminary hearing transcript, we draw all presumptions in favor of the factual determinations of the magistrate, upholding the magistrate's express or implied findings if they are supported by substantial evidence. (*People v. Nonnette* (1990) 221 Cal.App.3d 659, 664 [271 Cal.Rptr. 329].)

Despite the fact defendant lived 58 blocks away, both officers had previously seen defendant in the area. Each time he was riding his bicycle. The officers stopped defendant about two weeks before and confiscated food stamps that belonged to someone else. Jennings had seen "instances" in that neighborhood when food stamps were illicitly traded for narcotics, alcohol and numerous other things. Defendant was released, but his companion was arrested for possessing heroin. Thereafter, Jennings again stopped defendant, this time for running a stop sign while riding his bicycle.

On the date at issue here, defendant again rode his bicycle through a stop sign. The officers pulled up next to defendant and told him to stop. Defendant looked at the officers but continued to ride. As he did so, defendant moved his right hand to the right handlebar and used his thumb to push something inside. About 25 feet thereafter and 100 feet after ignoring the officer's order, defendant stopped his bicycle.

As Forbeck seized a knife from defendant and patted him down for other weapons, defendant became nervous when Jennings started to look at the bicycle. Jennings then searched the handlebar by turning the bicycle upside down and tapping on it. Three small rocks of cocaine dropped out. Defendant was then arrested.

## DISCUSSION

Defendant contends the search of his bicycle was unlawful because it was conducted without a warrant and without probable cause to believe it contained contraband.[2] We find that there was probable cause to believe the handlebar contained contraband. Once the officers had such probable cause, there was no need for a warrant to search the bicycle's handlebar tube.

Pursuant to article I, section 28, subdivision (d), of the California Constitution, relevant evidence such as the cocaine at issue here, is admissible except as provided by statute or prohibited by the United States Constitution. (*People v. Woods* (1999) 21 Cal.4th 668, 692 [88 Cal.Rptr.2d 88, 981 P.2d 1019]; *People v. Nonnette, supra*, 221 Cal.App.3d at p. 668.) Defendant mistakenly contends the cocaine was seized from his bicycle in violation of the Fourth Amendment.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches

[2]We will not discuss defendant's claim that the warrantless search of his bicycle was not justified by his detention for a traffic infraction because we conclude that the search was justified under the vehicle exception to the warrant requirement.

and seizures." (U.S. Const., Amend. IV.) This right is preserved by a requirement that searches be conducted pursuant to a warrant. However, there are exceptions to this warrant requirement.

One such exception is for vehicles used on a public thoroughfare or readily capable of such use. If a vehicle is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment permits the search of the vehicle. This exception was first recognized in *Carroll v. United States* (1925) 267 U.S. 132 [45 S.Ct. 280, 69 L.Ed. 543, 39 A.L.R. 790]. There, while recognizing that the privacy interests in an automobile are constitutionally protected, the court found an automobile's ready mobility justified a lesser degree of protection of those interests. (*Id.* at p. 153 [45 S.Ct. at p. 285].) Since *Carroll* the court has stated that the reasons for the vehicle exception are twofold. "Besides the element of mobility, less rigorous warrant requirements govern because the expectation of privacy with respect to one's automobile is significantly less than that relating to one's home or office." (*South Dakota v. Opperman* (1976) 428 U.S. 364, 367 [96 S.Ct. 3092, 3096, 49 L.Ed.2d 1000, 1004].)

In *California v. Carney* (1985) 471 U.S. 386 [105 S.Ct. 2066, 85 L.Ed.2d 406], the court applied the exception to a motor home that was capable of providing transportation. In so finding, the court stated, "In short, the pervasive schemes of regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met. [¶] When a vehicle is being used on the highways, or if it is readily capable of such use and is found stationary in a place not regularly used for residential purposes—temporary or otherwise—the two justifications for the vehicle exception come into play." (*Id.* at pp. 392-393 [105 S.Ct. at p. 2070].)

█ The question before us is whether a bicycle being operated on a public street is the type of vehicle that should be subject to a warrantless search upon probable cause. We conclude that it is. (Accord, *State v. Gamboa* (La.Ct.App. 1989) 543 So.2d 1129, 1132 [upholding a warrantless search of a pouch under a bicycle seat].)

It is undisputed that the bicycle here was fully mobile and being ridden by defendant on a public street—here unlawfully through a stop sign. While not as fast over great distances as an automobile, in certain circumstances its size and weight make a bicycle more mobile than other vehicles. As such, a bicycle presents the same type of practical problems to securing a warrant that an automobile and motor home do.

Moreover, bicycles, like automobiles are subject to similar pervasive schemes of regulation which lead to reduced expectations of privacy by the public. When operated on a highway, bicycles are subject to duties applicable to a driver of an automobile. (Veh. Code, § 21200.) There are minimum safety standards that bicycles have to meet. (Veh. Code, §§ 21201, 21201.5.) And bicycles, where required by local ordinance, are subject to registration and licensing requirements. (Veh. Code, div. 16.7.)

"The exception has historically turned on the ready mobility of the vehicle, and on the presence of the vehicle in a setting that objectively indicates that the vehicle is being used for transportation. . . . Applying the vehicle exception in these circumstances allows the essential purposes served by the exception to be fulfilled, while assuring that the exception will acknowledge legitimate privacy interests." (*California v. Carney, supra*, 471 U.S. at p. 394 [105 S.Ct. at pp. 2070-2071].) The bicycle here met these requirements.

■ The question remains whether, apart from the lack of a warrant, there was probable cause to believe the bicycle contained contraband. We conclude there was.

■ "[P]robable cause to justify a warrantless search of an automobile 'must be based on objective facts that could justify the issuance of a warrant by a magistrate . . . .' [Citation.]" (*People v. Carrillo* (1995) 37 Cal.App.4th 1662, 1667 [45 Cal.Rptr.2d 16], quoting *United States v. Ross* (1982) 456 U.S. 798, 808 [102 S.Ct. 2157, 2164, 72 L.Ed.2d 572, 583].) In determining probable cause we must make a "practical, common-sense decision whether, given all the circumstances . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." (*Illinois v. Gates* (1983) 462 U.S. 213, 238 [103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548].)

■ Although the factors viewed individually may not be dispositive of the probable cause issue, their sum total dictates only one reasonable conclusion; that it was probable that the handlebar tube of defendant's bicycle contained contraband.

Upon seeing someone with an arrest history involving narcotics-related offenses, riding a bicycle in an area where narcotics trafficking occurs, who, after running a stop sign, refuses a police officer's order to stop and travels approximately 25 yards while stuffing something into the handlebar of his bicycle, no reasonable person would fail to entertain a strong suspicion that contraband was placed in the handlebar tube of the bicycle. The suspicion

was buttressed by three additional factors: The defendant was armed with a knife; second, when the officer started to look at the bicycle, defendant's demeanor changed from calm to nervous; third, during a recent contact with defendant in the same neighborhood, defendant possessed another's food stamps while in the company of a companion who possessed heroin. Jennings testified that he had seen "instances" in that neighborhood when food stamps were illicitly traded for narcotics, alcohol, and numerous other things. We find that the warrantless search of defendant's bicycle was lawful. The motion to suppress was properly denied.

DISPOSITION

The judgment is affirmed.

Blease, Acting P. J., and Raye, J., concurred.

A petition for a rehearing was denied March 17, 2000, and appellant's petition for review by the Supreme Court was denied June 2, 2000.