Filed 5/15/13  P. v. Quintanar CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C071795 |
| Plaintiff and Respondent, | (Super. Ct. No. SF120321A) |
| v. | |
| GUY QUINTANAR, | |
| Defendant and Appellant. | |

Following the denial of his suppression motion (Pen. Code, § 1538.5), defendant Guy Quintanar pled no contest to possession of stolen property (Pen. Code, § 496, subd. (a)) in exchange for a three-year prison term to be served in county jail.

On appeal, defendant contends the trial court erred in denying his suppression motion because the evidence obtained against him was the product of his being unlawfully detained.  Defendant also contends that he is entitled to additional presentence conduct credits.  We reject defendant's unlawful detention claim, but agree with him that he is entitled to the custody credits he seeks.

1

## FACTS FROM SUPPRESSION HEARING

The parties agreed the suppression motion would be limited to "the initial contact of the stop" of defendant made by Deputy Nick Gomes. Hence, our statement of the facts is similarly limited.

On May 6, 2012, around 2:30 a.m. Deputy Gomes and his partner were traveling in a marked sheriff's vehicle in the number 2 lane westbound on Fremont Street in Stockton when Deputy Gomes observed defendant in the middle of the lane directly in front of him. Defendant was straddling a bicycle, his feet were on the ground, the bicycle was not moving and it was positioned as if defendant had been pushing or riding it across Fremont. It was "very dark," the bicycle had no lights or reflectors and Deputy Gomes did not see defendant until the last second before stopping.

Deputy Gomes activated his emergency lights to alert potential drivers behind him of the stop and directed defendant to get off the bicycle and to sit on a nearby lawn. The bicycle was a mountain bike and had a small trailer connected to the back of it. One of the trailer's wheels was "not on very well."

The trailer was eventually searched and items stolen from a nearby Regional Transit Division facility were found.

## TRIAL COURT'S RULING

In making its ruling, the trial court stated: "The Court has looked also at Vehicle Code Section 24250[1] which states that during darkness a vehicle shall be equipped with lighting equipment as required for the vehicle by this chapter and has taken that into consideration as well as the fact that there were no reflectors as indicated in the exhibits and pursuant to the officer's testimony. [¶] For purposes of a stop . . . the People do not have to establish beyond a reasonable doubt that a Vehicle Code violation occurred but

---

[1] Undesignated section references are to the Vehicle Code.

2

only that there was probable cause for the stop based on [a] reasonable belief that the Vehicle Code had been violated. I think here based on all the facts and circumstances as described, the officer had a reasonable suspicion" that defendant was violating the Vehicle Code.

DISCUSSION

I

Defendant contends he "was unlawfully detained at the moment [Deputy Gomes] turned on his emergency lights and stopped him" and that the court misapplied the law in concluding to the contrary. We conclude that even though the trial court incorrectly relied on section 24250 to support its ruling, the ruling was nevertheless correct pursuant to sections 21200 and 21201. (See *People v. Superior Court* (*Chapman*) (2012) 204 Cal.App.4th 1004, 1011 ["Appellate review is confined to the correctness or incorrectness of the trial court's ruling, not the reasons for its ruling"].)

"In reviewing a trial court's ruling on a motion to suppress evidence, 'an appellate court defers to the trial court's express or implied findings of fact that are supported by substantial evidence . . . . [Citations.] "[T]he power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences, is vested in the trial court." [Citation.]' " (*People v. Munoz* (2008) 167 Cal.App.4th 126, 132.)

The Trial Court Erred in Basing Its Ruling on Section 24250

Section 24250 applies to vehicles, not bicycles. Section 24250 states: "During darkness, a vehicle shall be equipped with lighted lighting equipment as required for the vehicle by this chapter." Section 24250 is contained in, and limited to, division 12 of the Vehicle Code, entitled "Equipment of Vehicles." The operation of bicycles and their required equipment is contained in sections 21200 and 21201 of division 11, entitled "Rules of the Road." While the court cited the wrong Vehicle Code section in concluding that Deputy Gomes lawfully detained defendant, its ruling was nevertheless

3

correct because, as explained below, defendant reasonably appeared to be in violation of section 21201.

Vehicle Code Rules Applicable to Bicycles

Section 21200, subdivision (a), provides that every "person riding a bicycle . . . upon a highway has all the rights and is subject to all the provisions applicable to the driver of a vehicle by this division . . . ." Section 21201, subdivision (d), requires that when a bicycle is being "operated during darkness upon a highway" it must be equipped with lights and reflectors.[2]

The Stop of Defendant

A law enforcement officer may legally stop a vehicle if the facts and circumstances known to the officer support a reasonable suspicion that the driver has or may have violated the Vehicle Code or some other law. (*People v. Miranda* (1993) 17 Cal.App.4th 917, 926.) Since a person riding or operating a bicycle on a public highway or street is governed by the same rules that apply to vehicles, it follows that a bicyclist may be stopped on reasonable suspicion that he or she may be violating the Vehicle Code.

---

[2] Vehicle Code section 21201, subdivision (d), states in relevant part: "A bicycle operated during darkness upon a highway, a sidewalk where bicycle operation is not prohibited by the local jurisdiction, or a bikeway, as defined in Section 890.4 of the Streets and Highways Code, shall be equipped with all of the following: [¶] (1) A lamp emitting a white light that, while the bicycle is in motion, illuminates the highway, sidewalk, or bikeway in front of the bicyclist and is visible from a distance of 300 feet in front and from the sides of the bicycle. [¶] (2) A red reflector on the rear that shall be visible from a distance of 500 feet to the rear when directly in front of lawful upper beams of headlamps on a motor vehicle. [¶] (3) A white or yellow reflector on each pedal, shoe, or ankle visible from the front and rear of the bicycle from a distance of 200 feet. [¶] (4) A white or yellow reflector on each side forward of the center of the bicycle, and a white or red reflector on each side to the rear of the center of the bicycle, except that bicycles that are equipped with reflectorized tires on the front and the rear need not be equipped with these side reflectors."

4

A "[r]easonable suspicion that criminal conduct has occurred does not require that an officer observe all elements of criminal conduct; rather, it requires that officer to be able to 'point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.] Further, ' "[t]he possibility of an innocent explanation does not deprive the officer of the capacity to entertain a reasonable suspicion of criminal conduct." [Citation.]' [Citation.]" (*Brierton v. Department of Motor Vehicles* (2005) 130 Cal.App.4th 499, 509.)

Here, when Deputy Gomes first observed defendant, the latter was straddling a bicycle with his feet on the ground and he was in the same lane in which the deputy was driving. It was 2:30 a.m., very dark, the bicycle had no lighting or reflectors and it was not moving. Defendant's straddling of the bicycle in the middle of the street gave rise to a reasonable inference that he may have just ridden it to that location, which would have been a violation of section 21201. Consequently, Deputy Gomes was lawfully entitled to detain defendant for further investigation.

Defendant attempts to avoid the foregoing conclusion, arguing that because there was no evidence he was seen either "riding" or "operating" the bicycle, which is a requirement for application of sections 21200 and 21201, he did not come within the scope of these sections. The argument misses the point. It is not necessary that the defendant actually have committed or be about to commit an offense for a detention to be lawful. All that is required is that he reasonably appears to have done so, and his straddling of the bicycle in the middle of the street reasonably suggests that he may have ridden it to that location.

Defendant also faults the trial court for relying on *People v. Duncan* (2008) 160 Cal.App.4th 1014 (*Duncan*), and *People v. Allen* (2000) 78 Cal.App.4th 445 (*Allen*) in support of its ruling. Defendant claims any reliance on *Allen* was error because even though *Allen* drew similarities between bicycles and vehicles for purposes of searches,

5

"nothing in the *Allen* case holds that a bicycle *is* a vehicle under the provisions of the Vehicle Code such that lighting and reflectors are required." *Duncan* is not on point, according to defendant, because that case involves vehicles, and bicycles are not vehicles under section 24250. Even if these cases are not applicable as defendant claims, this still has no bearing whatsoever on our conclusion that Deputy Gomes had a reasonable suspicion to believe that defendant was violating section 21201.

Finally, defendant contends the trial court made factual findings which are not supported by substantial evidence. These are:

(1) "There was no substantial evidence that appellant was riding his bicycle." Not so. As we have pointed out, defendant's straddling his bicycle in the middle of the street raises a reasonable inference that he may have been riding it.

(2) "There was no substantial evidence to support the court's finding that appellant's crossing of the street was 'improper.' " Again, the issue is whether there was reasonable suspicion to believe defendant *may* have been violating section 21201, which, if true, would have made the crossing improper.

(3) "Appellant's location and the late hour were not justifications to detain." While this may be true, it is irrelevant to the facts of this case. Defendant's detention was not based solely on the time or location of the detention. Rather, the detention was based upon all of the circumstances known to Deputy Gomes which made it reasonably likely that defendant was violating section 21201.

## II

Defendant contends he is entitled to have the court award him 82 days of presentence conduct credit. We, like the People, agree.

At sentencing, the trial court informed defendant he was entitled to presentence custody credit of 82 days actual plus 82 days for conduct, for a total of 164 days. The trial court further informed defendant that "[y]our paperwork is only going to show the actual days, not the good time credits because they'll calculate that at the jail for you."

The abstract of judgment provided this court as part of the appellate record reflects only the 82 days of actual presentence time served.  Appellate counsel has provided this court with copies of two letters addressed to the trial court seeking the additional conduct credits which counsel asserts were denied.

Penal Code section 2900.5, subdivision (d), states:  "It shall be the duty of the court imposing the sentence to determine the date or dates of any admission to, and release from, custody prior to sentencing and the total number of days to be credited pursuant to this section.  The total number of days to be credited shall be contained in the abstract of judgment . . . ."  (See *People v. Duff* (2010) 50 Cal.4th 787, 793 ["At the time of sentencing, credit for time served, including conduct credit, is calculated by the court [and] [t]he 'total number of days to be credited' is memorialized in the abstract of judgment ([Pen. Code,] § 2900.5, subd. (d)) and 'shall be credited upon [the defendant's] term of imprisonment . . . .' "].)

## DISPOSITION

The matter is remanded to the trial court with directions to award defendant the conduct credits to which he is entitled and to prepare an corrected abstract of judgment reflecting these credits and to forward a certified copy to the jail authorities.  In all other respects, the judgment is affirmed.

                                 BLEASE            , J.

We concur:

      RAYE            , P. J.

      BUTZ            , J.

7