Filed 6/24/13  P. v. Pulliam CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B244795 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA097244) |
| v. | |
| DOUGLAS WADE PULLIAM, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, George Genesta, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, and Idan Ivri, Deputy Attorney General, for Plaintiff and Respondent.

_____

Defendant and appellant Douglas Wade Pulliam was charged in counts 1 and 2 with possession of an assault weapon.  (Pen. Code, § 12280, subd. (b).)[1]  Defendant's motion to traverse the search warrant that led to the discovery of the weapons was denied.[2]  Defendant pled no contest to count 1, count 2 was dismissed, and defendant was placed on formal probation for a period of three years.  We affirm.

## FACTS[3]

On November 3, 2011, Pomona Police Department Officer Karen Callaghan interviewed Misty Pulliam[4] concerning a threatening phone call received that day.  Misty provided Officer Callaghan with a recording of the call, in which a male caller said, "Soon soon soon you're dead.  Soon you're dead."  The caller did not identify himself. Misty identified the caller to Officer Callaghan as defendant, who was her estranged husband.  Officer Callaghan did not independently verify Misty's claim.  Misty stated that she saw the caller's phone number on her caller ID.  She told Officer Callaghan the call was made from a phone with a 760 area code, and that defendant's son possessed a phone with the same area code.  Officer Callaghan did not request the full phone number of the threatening caller or defendant's son's phone number.

Misty explained that she and defendant were involved in a contentious divorce and custody dispute, and that defendant had recently been informed he would be dropped from her insurance coverage.  Approximately one year before the call, when Misty was

---

[1]     Unless otherwise indicated, all statutory references are to the Penal Code.

[2]     Defendant also moved to quash the warrant but does not challenge the denial of that motion on appeal.

[3]     All facts are taken from the preliminary hearing, which also functioned as an evidentiary hearing for the motion to traverse the search warrant.

[4]     Because defendant and Misty share the same last name, we refer to her as Misty throughout this opinion.

still living with defendant, she had discovered photographs on the family computer of firearms arrayed in the kitchen of their home. Misty gave Officer Callaghan 14 pages of photographs of guns printed from the computer. She stated that defendant had gone hunting with his brother in Arizona but did not say that defendant was transporting guns across state lines or that she knew him to be an arms trafficker. Misty recounted that when she lived with defendant, she personally saw guns in the bedroom on one occasion. She did not say how many guns she saw or identify the guns as those depicted in the photographs. Officer Callaghan confirmed that defendant lived at the address in question and determined that there were prior domestic violence calls to police originating from defendant's home.

Later that day, Officer Callaghan spoke to Pomona Police Department Corporal James Suess regarding the threat against Misty so that he could prepare a search warrant affidavit. Officer Callaghan repeated the information Misty had provided as detailed above. Corporal Suess's memory of the details varied from Officer Callaghan's account in that he recalled Officer Callaghan stating that defendant, rather than defendant's son, had a phone number with the 760 area code. Additionally, when Officer Callaghan showed Corporal Suess the gun photographs provided by Misty and told him that defendant had taken the guns to Arizona to go hunting, Corporal Suess characterized this activity in the affidavit as weapons "trafficking," although Misty had not made that characterization. Officer Callaghan stated that defendant had between 17 and 22 guns in his home based on the information Misty gave her, although Misty had not been present in the house since December of 2010, approximately 11 months before the affidavit was prepared.

Corporal Suess conferred with Sergeants Lena Becker and Mike Niederbaumer about the case. Sergeant Niederbaumer confirmed that there were no firearms legally registered to defendant. Corporal Suess prepared a search warrant for defendant's home, which was signed by Judge Lopez-Giss on November 3, 2011.

That same day, Corporal Suess executed the search warrant at defendant's home, where he discovered assault weapons inside the house and garage, including a TEC-9 and

an Uzi.  Defendant was present for the search.  The guns were transported to the Pomona Police Department, where they were identified as assault weapons within the meaning of section 12280, subdivision (b).

## DISCUSSION

Defendant contends the affidavit in support of the search warrant contained factual misrepresentations that vitiated probable cause, and that the search therefore violated his Fourth Amendment right against unreasonable search and seizure.  Because no exception to the warrant requirement applies, defendant argues that evidence of the guns should have therefore been suppressed.

The Fourth Amendment protects the right of persons to be free from unreasonable searches and seizures.  (*People v. Allen* (2000) 78 Cal.App.4th 445, 448-449.)  With some exceptions, "[t]his right is preserved by a requirement that searches be conducted pursuant to a warrant."  (*Id*. at p. 449.)  A search warrant must be based on probable cause and "supported by affidavit, naming or describing the person to be searched or searched for, and particularly describing the property, thing, or things and the place to be searched."  (§ 1525.)

A motion to traverse a search warrant attacks the truth of the factual allegations contained in the supporting affidavit.  (*People v. Hobbs* (1994) 7 Cal.4th 948, 957.)  To prevail on a motion to traverse, the defendant must first make a substantial showing that "'(1)  the affidavit contains statements that are deliberately false or were made in reckless disregard of the truth and (2)  the affidavit's remaining contents, after the false statements are excised, are insufficient to justify a finding of probable cause . . . .'  [Citations.]" (*People v. Thuss* (2003) 107 Cal.App.4th 221, 230 (*Thuss*).)  If the defendant makes a successful preliminary showing, the trial court must conduct an evidentiary hearing pursuant to *Franks v. Delaware* (1978) 438 U.S. 154, in which the defendant is required to prove the same two elements by a preponderance of the evidence.  (*Thuss*, *supra*, at

4

p. 230.)  If the defendant meets the preponderance of the evidence standard, the warrant must be voided and any evidence seized pursuant to it must be suppressed.  (*Ibid*.)

"'The question facing a reviewing court asked to determine whether probable cause supported the issuance of the warrant is whether the magistrate had a substantial basis for concluding a fair probability existed that a search would uncover wrongdoing. [Citations.]  "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." [Citation.]' [Citations.]  '[T]he warrant can be upset only if the affidavit fails as a matter of law [under the applicable standard announced in *Illinois v. Gates* [(1983)] 462 U.S. [213,] 238] to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony. [Citations.]' [Citation.]  This standard of review is deferential to the magistrate's determination. [Citation.]" (*Thuss*, *supra*, at p. 235.)  The same standard of review applies when reviewing the trial court's ruling on the motion to suppress on appeal.  (*People v. Campa* (1984) 36 Cal.3d 870, 879, overruled on another point by *Illinois v. Gates*, *supra*, 462 U.S. at p. 238.)

Defendant specifically objects to the gun trafficking characterization, the statement that Misty saw the guns pictured in the photographs, and the statement that defendant had a phone with a 760 area code.  Defendant concedes the trial court properly followed the procedure for the hearing set forth in *Franks v. Delaware*, *supra*, 438 U.S. 154 but argues that it should have found the supporting affidavit insufficient after the misstatements were removed.  We hold that, even excising these misstatements from the supporting affidavit, the remaining statements establish probable cause and the motion to traverse was properly denied.

Corporal Suess's characterization of defendant's activity as weapons trafficking, while not supported by Misty's statements, does not negate the existence of guns in

defendant's home.  Misty personally observed guns in defendant's home and provided numerous printouts of photographs of guns from the family computer, which she identified as having been taken in defendant's kitchen.

Whether or not Misty actually saw the specific guns depicted in the photos, she was able to verify the approximate date the photos were taken and to place them within defendant's home.  Defendant's argument that the information was stale and unworthy of weight in the trial court's consideration fails, because the staleness of the information was rejected as a basis for suppressing evidence in the motion to quash, which defendant does not challenge here.  Moreover, although in some circumstances information that is remote in time may not be sufficient to establish probable cause, "if there are special circumstances that would justify a person of ordinary prudence to conclude that the alleged illegal activity had persisted from the time of the stale information to the present, then the passage of time has not deprived the old information of all value."  (*People v. Mikesell* (1996) 46 Cal.App.4th 1711, 1718.)  As the Attorney General points out, defendant's collection of numerous illegal assault weapons is activity that is likely to be ongoing, and even if defendant determined to rid himself of the weapons, doing so would be difficult and time-consuming.  In such a case, information that is only approximately a year old is worthy of consideration.

Finally, excising the misstatement that defendant had a phone with a 760 area code, there was still sufficient evidence that defendant made the telephone call, because Misty identified the caller's voice as defendant's.  As defendant's estranged wife, Misty had the level of personal knowledge to correctly identify defendant's voice in a phone call.  The combination of evidence that defendant placed a call to Misty threatening to kill her and evidence that he had numerous weapons in his house approximately one year before the threatening call was made provide a "'substantial basis for concluding a fair probability existed that a search would uncover wrongdoing . . .'" sufficient to support issuance of the warrant.  (*Thuss*, *supra*, 107 Cal.App.4th at p. 235.)

6

## DISPOSITION

The judgment is affirmed.

KRIEGLER, J.

We concur:

MOSK, Acting P. J.

O'NEILL, J.*

---

*        Judge of the Ventura County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.